# PEOPLES, BY NEXT FRIEND, v. CITY OF VALPARAISO ET AL.

[No. 21,805. Filed December 17, 1912.]

1. MUNICIPAL CORPORATIONS.—*Defective Streets.*—*Limiting Liability.*—*Statute.*—*Constitutional Law.*—Section 8962 Burns 1908, Acts 1907 p. 249, providing that no action shall lie for injuries caused by a defective street, etc., unless within sixty days after the injury notice thereof be given to the city or town, or within thirty days if the injury be caused by snow or ice, does not contravene Art. 1, §23, of the State Constitution. p. 675.

2. MUNICIPAL CORPORATIONS.—*Defective Streets.—Liability.—Statutory Provision.*—The liability of a city for injuries caused by a defective street is statutory, and §8962 Burns 1908, Acts 1907 p. 249, requiring notice to the city before an action will lie for injuries caused by defective streets, is simply a limitation on that liability, so that one seeking the benefit of the statute must show himself clearly within its provisions, including that requiring the notice. p. 675.

3. MUNICIPAL CORPORATIONS.—*Action for Injuries.—Defective Streets.—Necessity for Notice.*—Under §8962 Burns 1908, Acts 1907 p. 249, requiring notice of injuries caused by a defective street to be given to the city before an action therefor will lie, an injured minor is under the same obligation as any other person to give such notice within the time limited, since the statute makes no exceptions and the court can make none not made by the statute. p. 675.

From Porter Superior Court, *H. B. Tuthill,* Judge.

Action by Forest Peoples, by Nelson J. Bozarth, his next friend, against the City of Valparaiso and another. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*Bozarth & Bozarth,* for appellant.
*William Daly* and *D. E. Kelly,* for appellees.

MORRIS, J.—Action by appellant against appellees, city of Valparaiso and another, for personal injuries alleged to have been caused by appellant stepping on a piece of broken glass, which, it is charged, appellees negligently permitted to be and remain on one of the public streets. Complaint in three paragraphs, to each of which a demurrer by the city, for insufficient facts, was sustained. Appellant refusing to plead further, judgment was rendered in favor of the city for costs. From that judgment this appeal is prosecuted. The only error assigned is the action of the lower court in sustaining the demurrer to each paragraph of the complaint.

In none of the paragraphs is it alleged that notice was given appellee of the occurrence of the accident causing appellant's injury, as required by §8962 Burns 1908, Acts 1907 p. 249, but the first paragraph alleges that the notice

was not given, because of the fact that immediately after the accident, and for 120 days thereafter, appellant was sick and confined to his bed, and unable to give the notice; that he was a minor, ten years of age, and incapable of appointing an agent.

Appellant's contentions here are (1) that §8962, *supra,* is unconstitutional, being in conflict with article 1, §23, of the Constitution of Indiana; (2) that the above statute is a statute of limitations, and, appellant being under the legal disability of minority, the statute does not run against him until the disability is removed; (3) that such an existing state of facts was shown by the complaint as to render it impossible to comply with the statute, and, therefore, an exception thereto was created.

1. Section 8962, *supra,* does not contravene article 1, §23, of the Indiana Constitution. *Touhey* v. *City of Decatur* (1911), 175 Ind. 98, 93 N. E. 540, 32 L. R. A. (N. S.) 350.

The liability of the city in the first instance was statutory, and §8962, *supra,* is simply a limitation on that liability.

2. One seeking the benefit of the statute must show that he is within its provisions, including that requiring the notice; and the fact that such person was unable to give notice, or cause it to be given, affords no excuse for a failure to comply with the terms of the statute.

3. *Touhey* v. *City of Decatur, supra.* No exception as to persons is made in the statute, and none can be engrafted on it by the courts. It imposes on all persons, including minors, the obligation to serve such notice in order to maintain an action. *Hoffman* v. *Milwaukee R., etc., Co.* (1906), 127 Wis. 76, 106 N. W. 808; *Winter* v. *City of Niagara Falls* (1907), 190 N. Y. 198, 82 N. E. 1101, 123 Am. St. 540, 13 Ann. Cas. 486 and note 488; *Davidson* v. *City of Muskegon* (1897), 111 Mich. 454, 69 N. W. 670; 28 Cyc. 1450.

That the ends of justice might be the better subserved by making exceptions in cases such as this, and possibly others, appears scarcely open to controversy; but the making of such exceptions is a duty solely devolving on the legislative department of our government, and courts cannot rightfully modify the terms of a statute, however meritorious such modification may appear.

There is no error. Judgment affirmed.

NOTE.—Reported in 100 N. E. 70. See, also, under (1) 28 Cyc. 1447. For a discussion of the infancy or other disability of a claimant, as suspending the limitation of time for filing a claim against a municipality, see 13 Ann. Cas. 488. On the question of the validity of requirement of notice of injury as a condition of municipal liability, see 36 L. R. A. (N. S.) 1136. The authorities on the question of physical or mental incapacity as an excuse for failure to give notice of injury required as a condition of municipal liability are discussed in 32 L. R. A. (N. S.) 350. As to notice of claim and cause of injury as condition of municipal liability for defect in highway, generally, see 20 L. R. A. (N. S.) 757.