BURKARD, Appellant v. CITY OF DELL RAPIDS
Respondent

(72 N.W.2d 308)

(File No. 9519. Opinion filed October 12, 1955)

**Blaine Simons, P. O. Schiager,** Sioux Falls, for Plaintiff and Appellant.

**Davenport, Evans, Hurwitz & Smith,** Sioux Falls, for Defendant and Respondent.

ROBERTS, J.   Plaintiff instituted this action to recover for personal injuries sustained as the result of the alleged negligence of the defendant city in failing properly to maintain a gas plant owned and operated by it.   Plaintiff appeals from an adverse judgment entered upon motion of the city for judgment upon the pleadings.

The city in its answer alleged that plaintiff failed to give written notice of the time, place and cause of his injuries within sixty days after their occurrence as provided in SDC 45.1409. In his reply, plaintiff admits that he did not give notice within sixty days, but alleges the "fact to be that he was mentally and physcally incompetent to give notice in writing to the auditor of the said City of Dell Rapids of the time, place, and cause of his said injuries with sixty days following the date of said injuries as aforesaid; that he gave such written notice to the auditor of the said City of Dell Rapids within a reasonable time after he was mentally and physically capable of so doing."

The motion for judgment on the pleadings should have been sustained only if no issue was framed thereby. Fargo v. Vincent, 6 S.D. 209, 60 N.W. 858.   Appellant contends (1) that even though the statute referred to contains no exception with regard to failure or delay in giving notice, mental or physical incapacity during the time when notice should have been given permits the excusing of compliance with the notice requirement and whether appellant was rendered incapable of giving notice within time is a question for the jury; and (2) that if lack of timely notice may not be excused because of mental or physical incapacity the statute is void insofar as it attempts to require the giving of notice of injuries actionable at common law.

The pertinent provisions of SDC 45.1409 read: "No action for the recovery of damages for personal injury or

death caused by its negligence shall be maintained against any municipality unless written notice of the time, place, and cause of the injury is given to the auditor or clerk by the person injured, his agent, or attorney, within sixty days after the injury. * * * Any action for such recovery must be commenced within two years from the occurence of the accident causing the injury or death."

▉▉ It is a settled principle that with respect to liability for tort a municipal corporation has a dual character. It is immune from liability when exercising powers of a governmental character, but liability for tort ordinarily attaches when exercising a corporate or proprietary function. Jensen v. Juul, 66 S.D. 1, 278 N.W. 6, 115 A.L.R. 1280; Jerauld County v. Saint Paul-Mercury Indemnity Co., 76 S.D. 1, 71 N.W.2d 571. The defendant city in the operation of the public utility plant acted in a proprietary rather than a governmental capacity and the present action for damages for personal injuries resulting from negligence of the city in failing to maintain its gas plant in repair is not a statutory action, but is founded upon a common law right.

The statute does not expressly except the failure to give timely notice because of disability resulting from mental or physical incapacity. Plaintiff contends that if he had not been so severely injured by the negligence of the defendant city as to render him incapable of complying he could have given notice and would have had a remedy for the wrong inflicted and that it is unreasonable to conclude that the legislature ever intended that a municipality may escape liability by reason of its own wrongful act in rendering the injured party incapable of complying with the requirements of the statute. Similar statutes have been construed in other jurisdictions and there is a divergence of authority as whether or not infancy or incapacity excuses failure to give timely notice. There are numerous cases holding that failure to comply with a notice requirement bars plaintiff's recovery despite his infancy or incapacity during the period within which notice must be given. An excerpt from Peoples v. City of Valparaiso, 178 Ind. 673, 100 N.E. 70, 71, cited and relied upon by the defendant, reflects the basis for such view: "That the ends of justice might be the better

subserved by making exceptions in cases such as this, and possibly others, appears scarcely open to controversy; but the making of such exceptions is a duty solely devolving on the legislative department of our government, and courts cannot rightfully modify the terms of a statute, however meritorious such modification may appear." In other cases, courts have proceeded on the theory that the statute requiring notice presupposes an individual capable of compliance and hold that disability may excuse failure to give timely notice. Supporting this view plaintiff, among other cases, cites City of Colorado Springs v. Colburn, 102 Colo. 483, 81 P.2d 397; City of Tyler v. Ingram, Tex. Civ.App., 157 S.W.2d 184; Randolph v. City of Springfield, 302 Mo. 33, 257 S.W. 449, 31 A.L.R. 612; Webster v. City of Beaver Dam, C.C., 84 F. 280; see also Annotation in 34 A.L.R.2d 725 dealing with the manner of applying notice provisions where disability of claimant results from infancy or incapacity.

■■ Plaintiff as we have stated proposes to show that he was incapacitated from giving written notice or causing same to be given by an agent or attorney for more than sixty days after his injury and that the very injury for which he seeks recovery resulted from the wrongful conduct of the defendant. We need not here lay down a general rule applicable in all cases of disability. The narrow question presented is whether a municipality acting in its proprietary capacity may avoid liability by invoking the provisions of the statute when compliance within the specified time was rendered impossible by reason of its wrongful act and for which plaintiff seeks to recover. It would seem anomalous if plaintiff rendered incapable of giving notice by the same injury for which he seeks recovery is nevertheless barred from giving notice after he regains the ability to do so. As said, arguendo, in the concurring opinion in City and County of Denver v. Taylor, 88 Colo. 89, 292 P. 594, 598, 72 A.L.R. 833: "To adopt the strict rule, which we should decline to do, would be equivalent to offering this suggestion to municipalities: If you are negligent on any occasion, see to it that your negligence is sufficiently gross to insure the complete physical and mental disability of the victim; for by doing so, you will avoid the necessity of paying damages, which you

would be required to pay if the victim were left in possession of his faculties." And in City of Tyler v. Ingram, supra [157 S.W.2d 189], the court said: " To hold that a city may, upon adopting such a charter provision, wrongfully injure a person to the degree of rendering the victim powerless to comply with its terms, and then avoid liability by invoking such charter provision in bar of the right to sue, would constitute a complete denial and abrogation of the claimant's right of recourse to the courts. We hold that a municipality under such circumstances cannot take advantage of its own wrong by invoking the notice requirement of the statute. Schulstad v. City and County of San Francisco, 74 Cal. App.2d 105, 168 P.2d 68; see also City of Miami Beach v. Alexander, Fla., 61 So.2d 917; Born v. City of Spokane, 27 Wash. 719, 68 P. 386; Farrell v. Placer County, 23 Cal.2d 674, 145 P.2d 570, 153 A.L.R. 323.

We have made this determination on the allegations contained in the pleadings and have not considered the deposition of the plaintiff taken before trial and referred to by counsel. Whether plaintiff makes a case submissible to the jury on the issues as to whether plaintiff was mentally and physically incapacitated immediately following his injury and whether the statutory notice was given within a reasonable time after expiration of the period of incapacity is a matter in the first instance for the trial court.

The judgment appealed from is reversed.

All the Judges concur.