a successful defense to the charge of murder. In its opposition to the motion to withdraw the plea, the State did not assert any prejudice whatsoever if the plea were withdrawn. Only now, in its opposition to the petition for a writ of certiorari, does the State claim prejudice: "[I]n the truest sense, the Commonwealth does change its position because it requires a total rescheduling of cases with all the difficulties encountered by the calling of witnesses." This conclusory allegation, absent a showing that the State has suffered inroads on its ability to maintain a prosecution, is not sufficient to override the vindication of petitioner's fundamental constitutional rights.

No. 71–1332. SAN ANTONIO INDEPENDENT SCHOOL DISTRICT ET AL. v. RODRIGUEZ ET AL., *ante,* p. 1;

No. 71–1371. ROSARIO ET AL. v. ROCKEFELLER, GOVERNOR OF NEW YORK, ET AL., 410 U. S. 752;

No. 72–842. BRADLEY v. FLORIDA, *ante,* p. 916;

No. 72–1010. OHIO MUNICIPAL JUDGES ASSN. ET AL. v. DAVIS ET AL., *ante,* p. 144;

No. 72–5860. MURRAY v. MISSISSIPPI, *ante,* p. 907;

No. 72–6186. GERARDI v. SEAMANS, SECRETARY OF THE AIR FORCE, *ante,* p. 913;

No. 72–6187. GERARDI v. JOHNSON, ADMINISTRATOR OF VETERANS AFFAIRS, *ante,* p. 913; and

No. 72–6188. GERARDI v. UNITED STATES DEPARTMENT OF JUSTICE, *ante,* p. 913. Petitions for rehearing denied.

No. 71–6778. WILLIAMS v. CALIFORNIA, 409 U. S. 1073; and

No. 72–5161. SAFFIOTI v. UNITED STATES, 409 U. S. 908. Motions for leave to file petitions for rehearing denied.