349 N.E.2d 795 (1976)
CITY OF FORT WAYNE, Defendant-Appellant,
v.
Charles CAMERON, Plaintiff-Appellee.
No. 3-275A23.
Court of Appeals of Indiana, Third District.
June 15, 1976.
Rehearing Denied August 2, 1976.
*796 Warren B. Rosenblatt, Associate City Atty., Dale & Rosenblatt, David B. Keller, Parker, Hoover, Keller & Waterman, David A. Travelstead, William N. Salin, City Atty., Leonard E. Eilbacher, Associate *797 City Atty., William L. Briggs, Police Legal Advisor, Fort Wayne, for appellant.
Neil F. Sandler, Howard B. Sandler, Edward N. Smith, Fort Wayne, for appellee.
GARRARD, Judge.
In this appeal we are again confronted with a plaintiff's (Cameron's) attempt to sue a municipality in tort when he did not serve upon the municipality a notice of claim within sixty days after the occurrence complained of.
The statute provides:
"Hereafter no action or actions of any kind for damages arising from any negligence, wilfulness, nuisance or other tort of any civil city or town that causes injury to any person, or loss, injury or damage to any property, or any wrongful death, and regardless of to whom any such action or actions may accrue, shall be brought or maintained against any civil city or town unless there is first served upon either the mayor or clerk or clerk treasurer of any such city or a member of the board of trustees of any such town, either by delivery thereto in person or by registered mail with return card, a written notice of the occurrence complained of, setting out therein a brief general description of the date and time, the place, the conditions and cause, the nature and extent of the injury to person and loss, injury or damage, if any, to property, the date and cause of any resulting death charged as wrongful and the nature of the damages arising to anyone therefrom, all as associated with and caused by such occurrence. The notice shall be dated and signed by the person giving the same and shall be served as aforesaid so as to be received by some such municipal official aforesaid within sixty (60) days after the occurrence complained of, regardless of what causes of action may arise or result therefrom, except that where snow or ice is associated with the occurrence as the cause thereof, in whole or in part, the notice shall be so served within thirty (30) days after the occurrence."[1]
When Cameron commenced suit, the city raised noncompliance with the statute as an affirmative defense and moved for summary judgment, supporting its motion by affidavit of the city clerk that no notice had been given within sixty days. The court denied the motion and an interlocutory appeal has been perfected.[2]
The facts asserted by the city are that Cameron was shot by a city police officer shortly after 1:00 a.m. on June 20, 1969, and that no notice of claim was served upon the city within sixty days thereafter.
The facts asserted by Cameron are that on June 20, 1969, he was a minor; that as a result of the shooting he was paralyzed and incapacitated; that he attained his majority on March 16, 1970, and that formal notice of claim was served on the city on April 3, 1970.
Upon these assertions of fact, the trial court made the following entry:
"The Court now finds that Motion to Dismiss on the exact point raised in said Motion has heretofore been overruled, and further that in light of the ruling of the Supreme Court of Indiana in the case of Chaffin v. Nocosia [sic], 310 N.E.2d 867, the doctrine of para materia [sic] requires a reading of the Disability Statute, IC 34-1-2-5 and the Notice of Claim against Cities and Towns Statute, IC 18-2-21 must be read [sic] together and that notice was given *798 and the Motion for Summary Judgment is therefore overruled and denied."
The court erred in this conclusion. In addition to the express conflict between the provisions of the notice of claim statute and the disability statute pointed out in Judge Staton's dissent, the rule of in pari materia construction does not apply in this case. The disability exception, IC 1971, 34-1-2-5 (Burns Code Ed.) is a part of the Acts of 1881, entitled "An act concerning proceedings in civil cases." It provides:
"Any person, being under legal disabilities when the cause of action accrues, may bring his action within two (2) years after the disability is removed." (Our emphasis)
The statute plainly refers to when the action may be brought, i.e., it deals with the operation of the otherwise appropriate statute of limitations.
The disability statute is inapposite here. The notice of claim statute, which was enacted as Ch. 80 of the Acts of 1935, is not a statute of limitations. It is, instead, a procedural precedent to the remedy of maintaining a civil action against the city. Thompson v. City of Aurora (1975), Ind., 325 N.E.2d 839. As such, it is not within the context of the disability statute.
Having so decided, we must nevertheless consider whether the ruling of the trial court may be sustained on other grounds.
We recently decided that the notice of claim statute does not violate constitutional requirements for equal protection. Our opinion in Batchelder v. Haxby (1975), Ind. App., 337 N.E.2d 887, controls that issue.[3]
Judge Staton, however, would find that to afford due process, the statute must be read to imply a reasonable time within which notice may be given after the cessation of a physical or mental disability which existed or was incurred at the time the alleged tort was committed. Such a rationale is appealing as a means of avoiding a harsh result upon a hypothetically innocent plaintiff who was unable to protect himself. However, it does not follow a fortiori that because a statute operates harshly in a given instance or serves to trap an innocent but unwary plaintiff, due process guarantees are thereby violated.
As Justice Prentice recently observed in writing for the majority in Sidle v. Majors (1976), Ind., 341 N.E.2d 763, 766:
"In approaching a consideration of the constitutionality of a statute, we must at all times exercise self restraint. Otherwise, under the guise of limiting the Legislature to its constitutional bounds, we are likely to exceed our own. That we have the last word only renders such restraint the more compelling. We, therefore, remind ourselves that in our role as guardian of the constitution, we are nevertheless a court and not a `supreme legislature.' We have no right to substitute our convictions as to the desirability or wisdom of legislation for those of our elected representatives. We are under a constitutional mandate to limit the General Assembly to its lawful territory of prohibiting legislation which, although enacted under the claim of a valid exercise of the police power, is unreasonable and oppressive. Nevertheless, we recognize that the Legislature is vested with a wide latitude of discretion in determining public policy. Therefore, every statute stands before us clothed with the presumption of constitutionality, and such presumption continues until clearly overcome by a showing to the contrary.

*799 In the deliberative process, the burden is upon the challenger to overcome such presumption, and all doubts are resolved against his charge."
The question is not whether the notice of claim statute was an unwise or harsh enactment. The issue is whether the statute transcends the bounds of due process required by our state and federal constitutions.
In Aaron v. City of Tipton (1941), 218 Ind. 227, 32 N.E.2d 88, our Supreme Court reaffirmed the common law basis of municipal liability and construed the statute as establishing a procedural precedent. This view has been since adhered to in Galbreath v. City of Indianapolis (1970), 253 Ind. 472, 255 N.E.2d 225, and most recently in Thompson v. City of Aurora (1975), Ind., 325 N.E.2d 839. In so ruling, the court in Aaron characterized the statute as a procedural step necessary to the remedy of bringing an action to enforce liability and stated:
"The notice does not affect the right, it affects only a remedy of the injured  the remedy of instituting and maintaining an action [against the city] for the collection of the damages." 218 Ind. 227, 236, 32 N.E.2d 88, 91.
Where the statute deals merely with a remedy, our courts have been loathe to find an issue in due process unless there exists but a single remedy and the legislature withdraws all legal means of enforcement. Guthrie v. Wilson (1959), 240 Ind. 188, 162 N.E.2d 79; Sansberry v. Hughes (1910), 174 Ind. 638, 92 N.E. 783.
Here the statute applies only to Cameron's remedy against the city. It requires the notice as a procedural precedent to this remedy. It does not by its terms require that the notice be personally given by the claimant. The sixty-day time frame does not appear so short and unreasonable as to effectively deprive would-be litigants of any right of action against municipalities. On its face, the statute is not a denial of due process, nor does it appear so in operation under the additional facts asserted by Cameron. Although the fact issues he presents raise the prospect that as a result of the shooting he was paralyzed from the chest and elbows down, there is no factual indication that he was either mentally or physically incapable of indicating his belief that he had a claim or of authorizing or directing that a notice be given. In fact, one of the police reports submitted by Cameron in opposition to the summary judgment discloses that Cameron was mentally alert and was interviewed by the police on June 25, 1969, five days after the shooting. In short, we cannot say the statute denied Cameron his constitutional rights to due process.[4]
The remaining question is whether there was sufficient compliance with the statute to prevent its bar.
Following the decision in Aaron, which re-established the common law basis of liability and determined the statute to be procedural, the Court in Galbreath v. City of Indianapolis (1970), 253 Ind. 472, 255 N.E.2d 225, expressly recognized that a plaintiff's action would not be barred where he had substantially complied with the statute by giving the required timely notice albeit to the wrong city officials. In so holding, the court cited a number of prior decisions wherein the notice was deemed sufficient although there had been a technical departure from the exact specifications of the statute.
The facts presented by Cameron to support a determination that he complied with the statute are that he in fact gave notice on April 3, 1970 (more than nine months *800 after the occurrence); that the rules and regulations of the city police department require an investigation whenever a police officer discharges a firearm while on duty; and that the police department in fact conducted such an investigation following Cameron's shooting by Officer Hand. He also presented to the court evidence that a local newspaper carried an account of the incident the day after it occurred.
We, of course, recognize that the line of decisions which construed tort claims against cities as special statutory actions are no longer viable precedent to the extent their holdings depend upon that construction.
However, in Batchelder v. Haxby (1975), Ind. App., 337 N.E.2d 887, we reaffirmed the position taken in Touhey v. City of Decatur (1911), 175 Ind. 98, 93 N.E. 540, that mere actual knowledge of the occurrence on the part of municipal agents is insufficient. See, also, Thompson v. City of Aurora, Ind., 325 N.E.2d 839, 843, recognizing the necessity of a plaintiff giving the notice mandated by the statute; Brown v. City of South Bend (1971), 148 Ind. App. 436, 267 N.E.2d 400. Similarly, the mere fact that the occurrence was reported in the press will not satisfy the statute.
Cameron, however, points to the fact that in addition to knowledge of the occurrence, the city, or at least its police department, did actually conduct an investigation. He thus contends that the statutory purposes have been satisfied.
In an opinion handed down May 6, 1976, a majority of the Second District apparently adopted this approach in Geyer v. City of Logansport (1976), Ind. App., 346 N.E.2d 634, where no timely notice was given by the plaintiff but an investigation was actually conducted at the city's instance.
We are unable to accept this contention or the rationale of Geyer. Substantial compliance means actual compliance in respect to the substance essential to every reasonable objective of the statute. See, e.g., Opinion of Justices (Del. 1971), 275 A.2d 558, 562; City of Kansas City v. Bd. of Comm'rs. (1974), 213 Kan. 777, 518 P.2d 403, 410; Stasher v. Harger-Haldeman (1962), 58 Cal.2d 23, 22 Cal. Rptr. 657, 660, 372 P.2d 649, 652.
The objectives of our notice of claim statute have been stated to be prompt notification to the city of a claim potential in order that the city may investigate all facts pertaining to its liability and prepare its defense or adjust the claim. Aaron v. City of Tipton, supra, Galbreath v. City of Indianapolis, supra.
Actual notice of the occurrence in the absence of knowledge that a claim is intended does not satisfy these statutory objectives. Neither does a routine investigation by some department or division of municipal government which does not have as its motivation the claim potential to which the statute refers. In addition to settlement potential which may be lost if not pursued promptly after injury, we cannot ignore the differences which exist between an investigation conducted by persons untrained in litigation and which is conducted for internal or administrative purposes; and an investigation conducted under the prospect of, and for the purpose of considering, litigation and civil liability.
To hold that the former is equivalent to the latter and to the reasonable objectives of the statute would, in cases where notice of claim is not promptly given, place the city in the position of deferring any kind of investigation until the expiration of the statutory period (now 180 days). This could operate to delay resolution of other legitimate goals not directly involved in the liability question. On the other hand, by conducting an investigation of any kind, the municipality would risk that a claim might later be presented only after the city's ability to secure the evidence necessary to its legal defense had long since disappeared. *801 Such a result is plainly contrary to the whole intendment of the statute.
We therefore find that where no attempt has been made to give a timely notice of claim, evidence that a department or agency of the municipality conducted an investigation for its own purposes is insufficient to establish substantial compliance with the statute. To the extent that Geyer v. City of Logansport, supra, represents a contrary position, we decline to follow it.
Accordingly, as it appears that the city was entitled to summary judgment for Cameron's failure to comply with the requirements of IC 1971, 18-2-2-1, the court erred in its ruling.
We therefore reverse and remand with instructions to sustain the motion for summary judgment.
HOFFMAN, J., concurs.
STATON, P.J., dissents with opinion.
STATON, Presiding Judge, dissenting.
Twenty-year-old Charles Cameron was shot in the back of the neck by a Fort Wayne city police officer on June 20, 1969, and was paralyzed from the neck down. On March 16, 1970, Cameron attained his majority, and, on April 3, 1970, he filed formal written notice with the Fort Wayne City Clerk. This notice contained all the information required by the statute concerning notice to cities and towns of tort claims against them. Ch. 80, § 1, [1935] Ind. Acts 235, as amended by ch. 16, § 1, [1967] Ind. Acts 21 (repealed 1974).[1]
Cameron filed a complaint against the City on June 21, 1971. The City filed a motion to dismiss the complaint for failure to comply with the notice statute. The motion to dismiss was overruled.[2] Later, the City moved for summary judgment on the same noncompliance theory. The City's motion for summary judgment was overruled by the trial court in the following language:
"The Court now finds that Motion to Dismiss on the exact point raised in said Motion has heretofore been overruled, and further that in light of the ruling of the Supreme Court of Indiana in the case of Chaffin v. Nocosia [sic], 310 N.E.2d 867, the doctrine of para materia requires a reading of the Disability Statute, I.C. 34-1-2-5 and the Notice of Claim Against Cities and Towns Statute, I.C. 18-2-21 [sic] must be read together and that notice was given, and the Motion for Summary Judgment is therefore Overruled and denied."
The City perfected an interlocutory appeal from the trial court's denial of its motion for summary judgment, pursuant to ch. 191, § 1, [1969] Ind. Acts Rule 72(b). See Richards v. Crown Point Community School Corp. (1971), 256 Ind. 347, 269 N.E.2d 5; Pitts v. Woolridge (1974), Ind. App., 315 N.E.2d 736.
The sole issue presented for review is whether the trial court erred in denying the City's motion for summary judgment. The applicable principles governing summary judgment were stated in Doe v. Barnett (1969), 145 Ind. App. 542, 552-53, 251 N.E.2d 688, 695:
"4. The burden is on the proponent of a motion for summary judgment to conclusively demonstrate the absence of any genuine issue as to a material fact and that such proponent is entitled to a judgment as a matter of law.
"5. If the proponent of a motion for summary judgment has sustained the burden referred to in number 4, supra, then the burden is on the respondent to demonstrate *802 the existence of a genuine issue as to a material fact or summary judgment, if appropriate, will be entered.
"6. Any doubt as to the existence of a genuine issue as to a material fact must be resolved against the proponent of a motion for summary judgment.
"7. The contents of pleadings, depositions, answers to interrogatories, admissions and affidavits must be liberally construed in favor of the respondent to a motion for summary judgment and the facts asserted by such respondent supported by affidavit must be taken as true."
In Brandon v. State (1976), Ind., 340 N.E.2d 756, 758, the Indiana Supreme Court stated:
"To grant or deny a summary judgment, the trial court must take certain steps. Those steps may be described briefly as follows:
Identify the legal issues;
Identify the nature of the material facts;
Identify the material facts presented by the parties;
Determine whether the material facts presented are in genuine issue, and, if they are, deny summary judgment;
If the material facts presented are not in genuine issue, apply the law and grant or deny summary judgment."
Viewed in the framework set out by the Brandon Court, the trial court's analysis must have proceeded as follows: First, the court identified the legal issue to be timely filing of Cameron's notice of claim. Second, the court determined that the nature of the material facts necessary to a resolution of this issue included proof of Cameron's legal disability (minority) at the time of the incident and proof that he filed the statutory notice within a reasonable time after that disability was removed. Third, the material facts presented by the parties showed that Cameron was a minor at the time of the injury, that he attained his majority on March 16, 1970, and that he filed the statutory notice on April 3, 1970, less than twenty (20) days after the disability of his minority was removed. Fourth, these material facts were not in genuine issue. Fifth, when the trial court applied the law to these facts, it determined that the legal disability statute, IC 1971, 34-1-2-5 (Burn Code Ed.), which provides a "reasonable grace period within which to sue once a disability is removed," Chaffin v. Nicosia (1974), Ind., 310 N.E.2d 867, 870, should be read together with the notice of claims statute to provide a reasonable grace period within which to file the required notice once the disability is removed. The trial court concluded that the notice was timely given after Cameron's legal disability was removed and that the City's motion for summary judgment should be denied.
I agree with the majority that we cannot uphold the trial court's denial of summary judgment on the basis of this application of the law. In Chaffin v. Nicosia, supra, the Indiana Supreme Court held that, since there was no "irreconcilable conflict" between the legal disability statute and the medical malpractice statute, IC 1971, XX-X-XX-X (Burns Code Ed.), the two statutes should be read together. The Court stated that the legal disability statute is a "legislative recognition of an exception to an otherwise absolute bar on medical malpractice suits." 310 N.E.2d at 870.
The notice of claim statute at issue in the present case, unlike the medical malpractice statute discussed in Chaffin, contains an express provision which places it in "irreconcilable conflict" with the legal disability statute: "Hereafter no action or actions of any kind ..., and regardless of to whom any such action or actions may accrue, shall be brought... ." (my emphasis). The notice of claim statute, being later in time, expressly precludes *803 the applicability of, and repeals by implication, the earlier legal disability statute. Since the statutes cannot be read together, the denial of summary judgment cannot be upheld for the reasons expressed by the trial court.
Even though the trial court's denial of summary judgment is not supportable on the grounds stated in the trial court's order, I would conclude that the denial of summary judgment is supported by another theory.
Again in the framework set out by the Brandon Court, my analysis is as follows: First, the legal issue is whether the notice of claim was timely filed.[3] Second, the nature of the material facts necessary to a resolution of this issue includes proof that Cameron was mentally or physically unable to give the required notice within sixty (60) days of the injury, proof of when his physical or mental disability was removed, and proof of filing the notice within a reasonable time after the removal of this disability. Third, the material facts presented by the parties show that, as a result of the injury which is the subject of Cameron's claim against the City, Cameron was paralyzed from the neck down. He was in shock and "could not breath and he couldn't support himself and remain conscious for over a few minutes at a time." His condition did not stabilize sufficiently to permit removal of the bullet fragment until April of 1971. He remained hospitalized long past April 3, 1970, when he filed his notice, and has been a quadriplegic since the date of the injury. Fourth, these material facts raise a genuine issue as to whether Cameron was physically or mentally capable of giving the required sixty-day notice and as to whether Cameron gave the required notice within a reasonable time after his mental or physical disability was removed. Since there was a genuine issue of material fact, summary judgment for the City was properly denied.
An explanation of my reasoning is required, since some early Indiana cases intimate that physical or mental incapacity does not excuse strict compliance with the notice provision. See Touhey v. City of Decatur (1911), 175 Ind. 98, 93 N.E. 540; Peoples v. City of Valparaiso (1912), 178 Ind. 673, 100 N.E. 70; Sherfey v. City of Brazil (1938), 213 Ind. 493, 13 N.E.2d 568.[4] I would hold, on the other hand, that under the notice of claim statute, a person who is physically or mentally incapacitated as a result of the injuries which are the subject of his claim against the municipality, and who is by reason of this incapacity unable to give the required sixty-day notice, must be excused from giving the notice until a reasonable time after the incapacity is removed.
In Touhey v. City of Decatur (1911), 175 Ind. 98, 93 N.E. 540, the appellant, who apparently at no time gave the notice required by the statute in force,[5] alleged in *804 his complaint "that, by reason of said injuries so received as aforesaid, this plaintiff was for more than sixty days thereafter, rendered physically and mentally unable to give written notice... ." Id. at 99, 93 N.E. at 541. The Indiana Supreme Court held that the trial court did not err in sustaining a demurrer to the complaint. The Supreme Court reasoned that:
"The liability of cities and towns for injuries resulting from defects in the streets, alleys, highways and bridges is implied from the provisions of the statutes which impose the duty upon such municipalities to keep the streets, alleys, highways and bridges in repair, and give them ample power to provide the means necessary to make such repairs. Such liability rests exclusively upon said statutes. It is competent for the legislature to limit or remove it entirely. The claim being a statutory one, it is clear that ... [the notice statute], providing the conditions upon which an action can be maintained, is not in violation of the 14th amendment to the Constitution of the United States, or of article 1, § 23 [of the Indiana Constitution]. This is true, because a duty imposed by the legislature upon cities or towns, or a liability against them created by the legislature, may be qualified, limited or removed by that body. No one complaining of the omission to perform such duty can successfully object to the qualifications and limitations imposed by the legislature." Id. at 100-01, 93 N.E. at 541-42.
The Touhey Court held that when "one seeks the benefit of a statute, or to enforce a statutory right or liability, he must, by allegation and proof, bring himself clearly within its provisions." Id. at 102, 93 N.E. at 542.
Later, in Peoples v. City of Valparaiso (1912), 178 Ind. 673, 100 N.E. 70, plaintiff-appellant, who at no time gave the required statutory notice, alleged in his complaint that this failure should be excused because he was a minor, ten years of age, and because, immediately after the accident and throughout the statutory period, "appellant was sick and confined to his bed, and unable to give the notice." 178 Ind. at 675, 100 N.E. at 70. The Court held that the trial court did not err in sustaining a demurrer to the complaint:
"The liability of the city in the first instance was statutory, and ... [the notice of claims statute] is simply a limitation on that liability. One seeking the benefit of the statute must show that he is within its provisions, including that requiring the notice; and the fact that such person was unable to give notice, or cause it to be given, affords no excuse for a failure to comply with the terms of the statute. Touhey v. City of Decatur, supra. No exception as to persons is made in the statute, and none can be engrafted on it by the courts. It imposes on all persons, including minors, the obligation to serve such notice in order to maintain an action." Id. at 675, 100 N.E. at 71.
In Sherfey v. City of Brazil (1938), 213 Ind. 493, 13 N.E.2d 568, appellant, who gave no notice as required by the statute,[6] alleged in his complaint that he was an infant, nine years of age, and that he was "incapable of *805 caring for himself or of doing anything in the way of protecting his legal interest for a period of more than sixty days after said injury, and that during said period of more than sixty days he was wholly helpless." Id. at 495, 13 N.E.2d at 569. The Court held that the trial court did not err in sustaining a demurrer to the complaint and relied upon the decisions in Touhey and Peoples:
"Though there are respectable authorities to the contrary in many jurisdictions, and our holdings have been criticized by other courts, Indiana is committed to the proposition that when, under the statute, a notice is required to be given to save an action for damages against a municipality, the fact that the claimant is an infant or a person under mental or physical disabilities will not relieve him of that obligation. Touhey v. City of Decatur (1911), 175 Ind. 98, 93 N.E. 540, 541; Peoples v. City of Valparaiso (1912), 178 Ind. 673, 100 N.E. 70, 71." 213 Ind. at 503, 13 N.E.2d at 572.
The Court reiterated the principle that when one seeks the benefit of a statute, he must bring himself clearly within its terms.
In Sherfey, the appellant apparently argued that to require strict compliance with the notice provision when a person is injured severely enough to prevent him from giving notice is to deprive such person of all right and remedy for the injury in violation of Article I, § 12, of the Indiana Constitution. The Sherfey Court responded:
"But it is settled in this jurisdiction that neither infancy nor incapacity can suspend the obligation to give the statutory notice. Touhey v. City of Decatur, supra; Peoples v. City of Valparaiso, supra." 213 Ind. at 507, 13 N.E.2d at 574.
These decisions, however, are not dispositive of the issue of the effect of incapacity on the notice requirement. In Aaron v. City of Tipton (1941), 218 Ind. 227, 32 N.E.2d 88, the Indiana Supreme Court reaffirmed the common law basis of municipal liability and acknowledged error in the Touhey conclusion that municipal liability was statutory. The common law basis of municipal liability was discussed in Thompson v. City of Aurora (1975), Ind., 325 N.E.2d 839, 841:
"At common law, this Court held that the liability of a city for damages attributable to the negligence of its agents was coextensive with that of natural persons. Ross v. City of Madison (1848), 1 Ind. 281. The common law duty was said to exist despite the absence of a positive statute where the municipal authorities were given the responsibility of keeping property, including streets and sidewalks, in repair and the means were provided for performing the task. Higert v. City of Greencastle (1873), 43 Ind. 574.
"The broad common law duty of cities enunciated in the Ross and Higert decisions, supra, was ignored by a line of cases beginning with Touhey v. City of Decatur (1911), 175 Ind. 98, 93 N.E. 540, and climaxing in City of Indianapolis v. Evans, supra... ."
When the Touhey decision is stripped of its basic premise  that the liability of cities and towns is exclusively statutory, that a duty imposed by the legislature or a liability created by the legislature may be qualified, limited, or removed by the legislature, and that no one can "successfully object to the qualifications and limitations imposed by the legislature"  it loses all vitality. This Court cannot rely upon Touhey as a binding precedent, nor can we rely upon Peoples, Sherfey, and other pre-1941 cases which held that Indiana courts were committed to the Touhey conclusion. See Geyer v. City of Logansport (1976), Ind. App., 346 N.E.2d 634 (hand down May 6, 1976).
Since 1941, the Indiana appellate courts have upheld notice provisions against equal protection attacks. See Batchelder v. Haxby (1975), Ind. App., 337 N.E.2d 887 (notice *806 to cities and towns);[7]Foster v. County Comm'rs (1975), Ind. App., 325 N.E.2d 223 (notice to counties). Courts have also applied the statute and have underscored its notice provisions. See Thompson v. City of Aurora (1975), Ind., 325 N.E.2d 839; Galbreath v. City of Indianapolis (1970), 253 Ind. 472, 255 N.E.2d 225; City of Logansport v. Gammill (1957), 128 Ind. App. 53, 145 N.E.2d 908; Aaron v. City of Tipton (1941), 218 Ind. 227, 32 N.E.2d 88. However, since Sherfey, no Indiana court has considered the question of the effect of physical or mental incapacity upon strict compliance with the notice provision. And, as noted above, the Sherfey Court relied on Touhey to support its conclusion.
Article 1, § 12, of the Indiana Constitution provides:
"All courts shall be open; and every man, for injury done to him in his person, property, or reputation, shall have remedy by due course of law... ."
In the recent case of Sidle v. Majors (1976), Ind., 341 N.E.2d 763, the Indiana Supreme Court discussed this constitutional provision, and quoted extensively from the case of Gallegher v. Davis (1936), Del. Super., 7 W.W.Harr. 380, 183 A. 620, as an expression of "our viewpoint of the restraints imposed by our constitutional Article 1, § 12:"
"Generally, we think, the provision is inserted in Constitutions to secure the citizen against unreasonable and arbitrary deprivation of rights whether relating to life, liberty, property, or fundamental rights of action relating to person or property; and that it applies as well to the judicial branch of government, as to the legislative and executive branches. It embraces the principle of natural justice that in a free government every man should have an adequate legal remedy for injury done him by another.
"The inquiry, in every case, must be directed to the nature of the right alleged to have been infringed upon. Undoubtedly, arbitrary and unreasonable abolishment of a right of action to redress injury to the essential rights of person or property is prohibited. Certainly, the legislature may not declare to be right that which is essentially wrong, nor say that which is a definite, substantial injury to fundamental rights to be no injury, nor abolish a remedy given by the common law to essential rights without affording another remedy substantially adequate." Gallegher v. Davis, supra, 183 A. at 624, quoted in Sidle v. Majors, supra, 341 N.E.2d at 773-74.
In the present case, Cameron acquired a common law right of action against the City for the negligence of the City's agents. A procedural precedent necessary to the remedy of bringing an action to enforce this common law liability was the requirement of notice to the City of the claim against it. Cameron gave this notice, not within sixty days of the incident, but more than two hundred-eighty-five days after the incident. If Cameron was so severely injured by the negligence of the City that he was unable to give the required notice within sixty days of the incident, then the statute, if it is strictly applied, effectively deprives him of all right and remedy for the wrong inflicted upon him. The Constitution assures a remedy by due course of law. To encumber the right to enforce a common law right of action with impossible conditions, such as the requirement that one give notice when he is mentally and physically incapable of doing so without any fault, is an unreasonable and arbitrary deprivation of the right. This is clearly violative of "the principle of natural justice that in a free government every man should have an adequate legal remedy for injury done him by another." Gallegher v. Davis, supra, 183 A. at 624. (my emphasis). Even though the notice requirement *807 does not, by its terms, excuse compliance, I would hold that the statute cannot be held to operate as a bar in such circumstances. To bar the injured party would be equivalent to telling the municipalities that, if they are negligent on any occasion, their negligence should be sufficiently gross to insure the complete mental and physical disability of the victim, since, in such case, the municipality could avoid the necessity of paying damages. Burkard v. City of Dell Rapids (1955), 76 S.D. 56, 72 N.W.2d 308; City of Denver v. Taylor (1930), 88 Colo. 89, 101, 292 P. 594, 598 (Butler, J., concurring).
There is substantial authority elsewhere supporting this position. Many courts have held that a notice of claim statute which did not excuse compliance by a party rendered incapable of giving notice as a result of the accident in suit violated that party's right to due process. Grubaugh v. City of St. Johns (1970), 384 Mich. 165, 180 N.W. 2d 778; City of Miami Beach v. Alexander (Fla. 1952), 61 So.2d 917; Randolph v. City of Springfield (1923), 302 Mo. 33, 257 S.W. 449; City of Waxahachie v. Harvey (Tex.Civ.App. 1953), 255 S.W.2d 549; Cook v. State (1974), 83 Wash.2d 599, 521 P.2d 725.[8] Other courts have held that failure to file notice within the prescribed time is excused when a disability from which the claim arose prevents timely filing. Maier v. Ketchikan (Alaska 1965), 403 P.2d 34; City of Colorado Springs v. Colburn (1938), 102 Colo. 483, 81 P.2d 397; Terrell v. City of Washington (1912), 158 N.C. 281, 73 S.E. 888; Burkard v. City of Dell Rapids (1955), 76 S.D. 56, 72 N.W.2d 308. And, in many jurisdictions which have reached a contrary result, the courts, like the Touhey Court in Indiana, have emphasized that, in their jurisdiction, there was no right to bring an action against the municipality at common law. See, e.g., Johnson v. Fresno County (1944), 64 Cal. App.2d 576, 149 P.2d 38 (disapproved on other grounds) (since no right existed independent of statute, the injured party had a right of action given by statute only and should have conformed to its requirements); Schmidt v. City of Fremont (1903), 70 Neb. 577, 97 N.W. 830 (liability of city is statutory, and legislature may limit liability or remove it entirely); Waite v. Orgill (1958), 203 Tenn. 146, 310 S.W.2d 179 (one has no right to sue a municipality except for the act of the legislature conferring such right; since the legislature granted the right, it could annex to it the unqualified condition precedent of giving notice).[9]
There were genuine issues of material fact as to Cameron's incapacity at the time the notice was required to be given and as to whether he gave the notice within a reasonable time after that incapacity was removed. I would hold that the denial of the City's motion for summary judgment was proper. I do not agree that my "rationale is [merely] appealing as a means of avoiding a harsh result upon a hypothetically innocent plaintiff who was unable to protect himself." I feel that my rationale is constitutionally compelled. Paralyzed from the neck down and incapable of giving notice, Cameron's constitutional right to a "remedy by due course of law" would be arbitrarily and unreasonably denied by the impossible condition of a sixty-day notice.[10] *808 His common law right of action against the City would be forever removed.
I would affirm the trial court's judgment overruling the motion for summary judgment.
NOTES
[1] IC 1971, 18-2-2-1, § 48-8001 (Burns 1968 Supp.) repealed 1974. For present law, see IC 1971, 34-4-16.5-1 et seq. (Burns Code Ed., 1975 Supp.).
[2] See, Richards v. Crown Point Community School Corp. (1971), 256 Ind. 347, 269 N.E.2d 5.
[3] The synopsis of the case published in N.E.2d erroneously indicates that Judge Hoffman joined in the dissent.
[4] The fireside equities which favor such plaintiffs do not appear in reality to stem from any actual impossibility of compliance. Instead they represent the conflict between the necessary presumption that every man knows the law, and the silent acknowledgement that many do not, although they could have known had they inquired.
[1] The present law concerning notice of tort claims against governmental entities is found in the Tort Claims Act, IC 1971, 34-4-16.5-7, -8 (Burns Supp. 1975).
[2] It appears that when the court overruled the motion to dismiss, the court found that Cameron had "substantially complied with the requirements of the Statute."
[3] Cameron urges that the notice of claim statute is constitutionally infirm, in violation of the equal protection clause of the fourteenth amendment to the United States Constitution and in violation of article I, § 23, of the Indiana Constitution. This Court recently considered this precise issue in Batchelder v. Haxby (1975), Ind. App., 337 N.E.2d 887 (rehearing denied and no petition for transfer filed). The statute was upheld, although I dissented and would have found the statute unconstitutional.
[4] See also City of Indianapolis v. Evans (1940), 216 Ind. 555, 24 N.E.2d 776; City of Indianapolis v. Uland (1937), 212 Ind. 616, 10 N.E.2d 907; Gribben v. City of Franklin (1911), 175 Ind. 500, 94 N.E. 757; City of Rushville v. Morrow (1913), 54 Ind. App. 538, 101 N.E. 659; Blair v. City of Fort Wayne (1912), 51 Ind. App. 652, 98 N.E. 736. In these cases, the courts relied on Touhey and reiterated the rule that the giving of notice is a condition precedent to the right to maintain the action. This rule was disapproved in Aaron v. City of Tipton (1941), 218 Ind. 227, 32 N.E.2d 88.
[5] The statute in force at the time of Touhey's injury provided:

"That no action in damages for injuries to person or property resulting from any defect in the condition of any street, alley, highway, or bridge, shall be maintained against any city or town of this state, unless written notice containing a brief general description of the time, place, cause, and nature of such injury, shall, within sixty days thereafter, or if such defect consists of ice or snow, or both, within thirty days thereafter, be given to the clerk or mayor or members of the board of trustees of such city or town." Ch. 153, § 1, [1907] Ind. Acts 249 repealed).
[6] The statute required notice to the municipality within sixty days

"in any instance where the accident or occurrence complained of and the resulting damage alleged to have been caused by or to have arisen from any defect or other condition in or adjacent to any street, alley, public place, bridge, stream, canal, body of water, drain, sewer, or structure or appliance of any character, in respect to any of which such city or town is charged with negligence, wilfullness, or the creation or maintenance of a nuisance... ." Ch. 111, § 2, [1933] Ind. Acts 706 (repealed).
[7] This Court upheld the statute over the dissent of the author of this opinion. See note 3 supra.
[8] See also McDonald v. City of Spring Valley (1918), 285 Ill. 52, 120 N.E. 476 (if statute is strictly construed to apply to minor of seven years, it is unconstitutional as a denial of due process).
[9] But see Workman v. City of Emporia (1967), 200 Kan. 112, 434 P.2d 846 (court has no authority to amend the statute by reading an exception into it). See also Annot., 44 A.L.R.3d 1108.
[10] At trial, of course, the burden would be on Cameron to show that his mental or physical incapacity made him unable to comply strictly with the notice requirement and to show that the notice was served within a reasonable time after removal of the incapacity.