**Deanna BUDAHL and Loren Budahl, Plaintiffs and Appellants,**

v.

**GORDON AND DAVID ASSOCIATES, a South Dakota Corporation, Defendant,**

**and**

**City of Brookings, South Dakota, a Political Subdivision of the State of South Dakota, Defendant and Respondent.**

**No. 12742.**

Supreme Court of South Dakota.

Argued Nov. 7, 1979.

Decided Jan. 16, 1980.

490

George S. Mickelson of McCann, Martin & Mickelson, Brookings, for plaintiffs and appellants.

Michael L. Luce of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for defendant and respondent.

WOLLMAN, Chief Justice.

Appellant Deanna Budahl commenced an action to recover damages for personal injuries that she allegedly suffered after falling on ice on the sidewalk in front of Gordon and David Associates, a place of business in the city of Brookings. Appellant Loren Budahl, Deanna Budahl's husband, brought an action for loss of consortium in connection with his wife's personal injury action. The Budahls appeal from the summary judgment entered against them. We affirm.

I

The injury occurred on February 28, 1977. Mrs. Budahl gave notice to the city pursuant to SDCL 9–24–2 on September 28, 1977. The trial court held that the notice was not timely. We agree.

SDCL 9–24–2 provides:

> No action for the recovery of damages for personal injury or death caused by its negligence shall be maintained against any municipality unless written notice of the time, place, and cause of the injury is given to the auditor or clerk by the person injured, his agent, or attorney, within sixty days after the injury.

SDCL 9–24–3 provides:

> Where the person injured is a minor, or is mentally or physically incapacitated, the court in its discretion, may grant leave to serve the notice required by § 9–24–2 within a reasonable time after the expiration of the period of disability, provided that the application for such leave is made within a year from the happening of the event upon which the claim is based.

It is undisputed that at no time did Mrs. Budahl make application to the circuit court for an extension of time pursuant to this latter statute. Accordingly, our holding in *Mount v. City of Vermillion*, 250 N.W.2d 686 (S.D.1977), is inapposite. We stated in *Mount* that "[w]hat is a reasonable time within the *absolute statutory limit of one year* from the date of the accident is a question to be determined from all of the circumstances surrounding an injury and recovery." 250 N.W.2d at 688 (emphasis supplied). Not having applied for relief within the time provided by SDCL 9–24–3, Mrs. Budahl cannot now claim the benefit of that statute.[1]

Appellants cite *Burkard v. City of Dell Rapids*, 76 S.D. 56, 72 N.W.2d 308 (1955), for the proposition that whether timely notice was given was a fact question for the jury and should not have been decided by the court on a motion for summary judgment. *Burkard*, however, was decided prior to the enactment of 1961 S.D.Sess.L. ch. 179, the source of SDCL 9–24–3. Whether a *Burkard*-type claim could be made by one incapacitated beyond the one-year statutory extension is a question we need not decide here, for no contention is made that Mrs. Budahl was unable to make application to the circuit court within one year of her fall.

II

Appellants argue that SDCL 9–24–2 violates the equal protection clause of the South Dakota Constitution because it creates arbitrary classes of tortfeasors and victims. Appellants cite *Reich v. State Highway Department*, 386 Mich. 617, 194 N.W.2d 700 (1972), which held:

> This diverse treatment of members of a class along the lines of governmental or private tortfeasors bears no reasonable

---

1. We also stated that notice to someone other than the city manager can be sufficient. Here, appellants argue that notice sufficient under *Mount* was given when appellant made her claim known to Dr. Primrose, a staff physician at municipally owned and operated Brookings Hospital. We disagree. Even *Mount* requires substantial compliance with SDCL 9–24–2. Notice to a staff physician at a municipally run hospital does not constitute notice to the municipality.

relationship under today's circumstances to the recognized purpose of the act. It constitutes an arbitrary and unreasonable variance in the treatment of both portions of one natural class and is, therefore, barred by the constitutional guarantees of equal protection.

194 N.W.2d at 702.

Three other states have held that notice statutes similar to Michigan's violate the equal protection clause.[2] None of these states so holding, however, had statutes similar to SDCL 9–24–3.

■■ Because the classification does not involve a suspect class or fundamental right we must decide only whether it bears a rational relationship to the purpose of the legislation. *Frontiero v. Richardson*, 411 U.S. 677, 93 S.Ct. 1764, 36 L.Ed.2d 583 (1973); *San Antonio Independent School District v. Rodriguez*, 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16, reh. den. 411 U.S. 959, 93 S.Ct. 1919, 36 L.Ed.2d 418 (1973); *City of Aberdeen v. Meidinger*, 89 S.D. 412, 233 N.W.2d 331 (1975); *Behrns v. Burke*, 89 S.D. 96, 229 N.W.2d 86 (1975). We believe we follow the weight of authority in saying that the statute in question does bear a rational relationship to the legislation's purpose. The courts of California, Colorado, Florida, Idaho, Illinois, Indiana, Iowa, Nebraska, New Mexico, North Dakota, Texas, Utah and Wyoming, among others, hold that such notice provisions are valid as being a proper subject for legislative classification.[3]

There are several reasons for the increased protection of the municipality through the shorter notice period: (1) To investigate evidence while fresh; (2) to prepare a defense in case litigation appears necessary; (3) to evaluate claims, allowing early settlement of meritorious ones; (4) to protect against unreasonable or nuisance claims; (5) to facilitate prompt repairs, avoiding further injuries; (6) to allow the municipality to budget for payment of claims; and (7) to insure that officials responsible for the above tasks are aware of their duty to act. *DeHusson v. City of Anchorage*, 583 P.2d 791 (Alaska 1978) (Rabinowitz, J., concurring). See Note, 60 Cornell Law Review 417, 423 (1975); Annot. 59 A.L.R.3d 93,109.

Regarding the *Reich* argument that the legislature intended to place all tortfeasors on the same footing, Professor Luke Cooperrider replies:

> It must be clear that the legislature had no intention whatever to "put governmental units on an equal footing with private tortfeasors"; such an intention is irreconcilable with the specific definition and circumscription of the liabilities recognized by the statute. Moreover, there are real and vital differences between the situations of governmental units and of private parties as potential tort defendants . . . [N]o private party has a tort responsibility comparable to the governmental unit's responsibility for injuries allegedly caused by defective or unsafe conditions of highways. . . . Taking into account the extent of the governmental unit's liability exposure where public ways and public buildings are concerned, and of the difficulties of

2. Nevada: *Turner v. Staggs*, 89 Nev. 230, 510 P.2d 879 (1973), *cert. denied* 414 U.S. 1079, 94 S.Ct. 598, 38 L.Ed.2d 486 (1973) (six months' statutory notice period); Washington: *Hunter v. North Mason High School*, 85 Wash.2d 810, 539 P.2d 845 (1975) (120-day notice period); West Virginia: *O'Neil v. City of Parkersburg*, 237 S.E.2d 504 (W.Va.1977) (30 days).

3. *Tammen v. County of San Diego*, 66 Cal.2d 468, 58 Cal.Rptr. 249, 426 P.2d 753 (1967); *Fritz v. Regents of University of Colorado*, 586 P.2d 23 (Colo.1978); *McCann v. City of Lake Wales*, 144 So.2d 505 (Fla.1962); *Newlan v. State*, 96 Idaho 711, 535 P.2d 1348 (1975), appeal dismissed sub nom. *Agost v. Idaho*, 423 U.S. 993, 96 S.Ct. 419, 46 L.Ed.2d 367 (1975); *King v. Johnson*, 47 Ill.2d 247, 265 N.E.2d 874 (1970); *Batchelder v. Haxby*, 337 N.E.2d 887 (Ind.Ct.App.1975); *Lunday v. Vogelmann*, 213 N.W.2d 904 (Ia.1973); *Campbell v. City of Lincoln*, 195 Neb. 703, 240 N.W.2d 339 (1976); *Espanola Housing Authority v. Atencio*, 90 N.M. 787, 568 P.2d 1233 (1977); *Herman v. Magnuson*, 277 N.W.2d 445 (N.D.1979); *City of Waco v. Landingham*, 138 Tex. 156, 157 S.W.2d 631 (1941); *Sears v. Southworth*, 563 P.2d 192 (Utah 1977); *Awe v. University of Wyoming*, 534 P.2d 97 (Wyo.1975).

keeping in current touch with all those conditions that might become a source of liability, surely there is nothing constitutionally unreasonable about a notice requirement that is not applicable to other tortfeasors and other claimants.

Cooperrider, The Court, The Legislature, and Governmental Tort Liability in Michigan, 72 Mich.L.Rev. 187, 272 (1973).

 Respondent points out that without the sixty-day notice provision of SDCL 9–24–2 all suits against the municipality would be barred by the doctrine of sovereign immunity. South Dakota Constitution, art. III, § 27. The South Dakota legislature has control over the liability to which the State and its subdivisions can be subjected for tort, within the limits of the constitution. *Conway v. Humbert*, 82 S.D. 317, 145 N.W.2d 524 (1966). SDCL 9–24–2 simply strips away some of state government's traditional immunity, and, therefore, the legislature's permission to sue in tort a previously immune sovereign can reasonably be accompanied by such terms and provisions as the legislature wishes to impose upon that right.

We conclude, therefore, that SDCL 9–24–2 is not unconstitutional.

### III

 Appellants argue that the husband's consortium claim should not have been dismissed along with the wife's claim because no notice requirement exists in SDCL 9–24–2 for such a claim. This argument ignores the status of a consortium claim in South Dakota. As stated by this court in *Wilson v. Hasvold*, 86 S.D. 286, 194 N.W.2d 251 (1972), an action for loss of consortium is a derivative action. As such, its validity depends on the validity of the main claim. *Bitsos v. Red Owl Stores, Inc.*, 350 F.Supp. 850 (D.S.D.1972).

The judgment of the trial court is affirmed.

All the Justices concur.