Fuld, J.
On these direct appeals on constitutional grounds from judgments rendered at Special Term, we are called *19 upon to determine the constitutionality of the New York City Commercial Rent or Occupancy Tax Law.
In the first of the above-entitled actions—Ampco v. City of New York — the plaintiffs seek a declaratory judgment that chapter 257 of the Laws of 1963, the enabling act for the tax in question, and Local Law No. 38 of the City of New York for 1963, the law imposing the tax, are void and unconstitutional. The plaintiff Ampco is engaged in business on leased premises, the plaintiff Katz operates a public parking business on leased land and the plaintiff Georgian Press owns real property, portions of which it rents to others. In the second of the above-entitled cases, also for a declaratory judgment that the laws in question are unconstitutional, the plaintiff is a tenant on leased premises engaged in the insurance brokerage and bonding agent business. After service of the answers—by the defendant city and intervenor Attorney-General — all parties moved for summary judgment.
The court at Special Term rejected each of the contentions advanced by the plaintiffs, concluding that the tax imposed (1) is not one on real estate in violation of article VIII, section 10, of the New York State Constitution; (2) does not constitute an ad valorem tax on intangible personal property in violation of article XVI, section 3, of that same Constitution; and (3) does not violate the due process or the equal protection clauses of either the State or Federal Constitution (N. Y. Const., art. I, §§ 6, 11; U. S. Const., 14th Amdt.). On this appeal, the plaintiffs and the several amici curice, “ friendly ” to them, advance the same arguments as were urged below.
The enabling act, chapter 257 of the Laws of 1963, authorizes a city having a population of one million or more to impose a tax, such as the State Legislature could impose, ‘ ‘ on persons occupying premises in such city for the purpose of carrying on or exercising any trade, business, profession, vocation or commercial activity, measured by the rent paid for the use or occupancy of such premises Pursuant to this statute, the city enacted Local Law No. 38 for the year 1963 which imposes the authorized tax. It provides that every tenant of taxable premises is required, after June 1, 1963, to pay a tax of 2%% of his base rent where such rent is not more than $2,500 a year or 5% of his base rent where it is in excess of that amount *20 (Administrative Code of City of New York, § L46-2.0, subd. a). It defines “taxable premises ”, insofar as pertinent, as (§ L46-1.0, subd. 5)
‘ ‘ Any premises in the city occupied, used, or intended to be occupied or used for the purpose of carrying on or exercising any trade, business, profession, vocation or commercial activity, including any premises so used even though it is used solely for the purpose of renting, or granting the rights to occupy or use, the same premises in whole or in part to tenants ''.
Article VIII, section 10, of the State Constitution, upon which the plaintiffs predicate their first point, concededly applies only to a “ tax on real estate ”. This constitutional provision limits the amount to be raised by such a tax to a percentage “ of the average full valuation of taxable real estate ” of the city and such average full valuation is determined by “taking the assessed valuations of taxable real estate on the last completed assessment rolls and the four preceding rolls * * * and applying thereto the ratio which such assessed valuation * * * bears to the full valuation ”. If, as the plaintiffs assert, the tax under consideration is one imposed on real estate, adding it to the tax already imposed on assessed valuation would admittedly result in a total tax which would exceed the limit permitted by the Constitution.
The commercial rent or occupancy tax, as already stated, is imposed on a tenant of taxable premises according to his base rent for the tax year, and “ tenant ” is defined as anyone who pays rent as lessee, sublessee, licensee or concessionaire (Administrative Code, § L46-1.0, subd. 3). This is not a tax on real estate within the sense of the constitutional provision. It is imposed neither on real estate nor on owners of real estate. It is imposed on lessees of real estate or on those who acquire lesser rights to use someone else’s real estate for business or other commercial activity.
A leasehold has long been regarded in this State as a “chattel real ” and as such is personal property. (See, e.g., Matter of Fort Hamilton Manor v. Boyland, 4 N Y 2d 192, 197; *21 Matter of Grumman Aircraft Eng. Corp. v. Board of Assessors, 2 N Y 2d 500, 507; Despard v. Churchill, 53 N. Y. 192; see, also, 3 Thompson, Beal Property [1940], § 1018, pp. 8-10.) “ Under a long line of New York decisions,” this court recently declared in the Fort Hamilton Manor case (4 N Y 2d, at p. 197), “ the interest of a tenant of- realty under a real estate lease is not realty but is a chattel real which is personal property [cases cited]. The most recent expression of this court upon the point is in Matter of Grumman Aircraft Eng. Corp. v. Board of Assessors (2 N Y 2d 500, 507), where it was said: ‘ It is significant to note that nowhere in the Tax Law has the Legislature characterized a leasehold as taxable real property. Such omission is understandable, as a lease for years is deemed personalty [cases cited].’ ”
We are not persuaded by the plaintiffs’ contention that the economic impact of the tax is equivalent to a tax on real estate and that, therefore, it should be treated as coming within the constitutional limitation. After observing that ownership of real property includes the right to use it and to lease it for use by others, the plaintiffs conclude that a tax on the use of real estate is a tax on the real estate itself. Such reasoning has been repeatedly rejected. (See, e.g., Bromley v. McCaughn, 280 U. S. 124; New York ex rel. Cohn v. Graves, 300 U. S. 308, 31A-315; Hale v. State Board, 302 U. S. 95, 107.) Thus, Mr. Justice Stone stated in the Bromley case (280 U. S., at p. 136):
“ While taxes levied upon or collected from persons because of their general ownership of property may be taken to be direct, Pollack v. Farmers Loan & Trust Company, 157 U. S. 429, 158 U. S. 601, this Court has consistently held, almost from the foundation of the government, that a tax imposed upon a particular use of property or the exercise of a single power over property incidental to ownership, is an excise which need not be apportioned, and it is enough for present purposes that this tax is of the latter class.” (Emphasis supplied.)
Also without merit is the plaintiffs’ second point that the tax is an ad valorem tax on intangible personal property and, by reason thereof, violative of article XVI, section 3, of the *22 State Constitution. The second sentence of section 3, upon which the plaintiffs rely, provides, in part, that “ Intangible personal property shall not be taxed ad valorem nor shall any excise tax be levied solely because of the ownership or possession thereof ’ ’. The tax here involved is not an ad valorem tax but, even if it were, it would be one on a leasehold which, quite clearly, is not ‘ * intangible personal property ’ ’ within the sense of the constitutional provision.
The phrase “ ad valorem ” means “ according to the value ” and is used in the field of taxation to designate an assessment of taxes against property at a certain rate upon its value. An ad valorem property tax is always based upon ownership of property and is payable regardless of whether the property is used or not. (See Matter of Guardian Life Ins. Co. v. Chapman, 302 N. Y. 226, 238-239; Powell v. Gleason, 50 Ariz. 542, 547-548; Walla Walla v. State, 197 Wash. 357, 362; see, also, 51 Am. Jur., Taxation, § 26, p. 53.) The definition itself excludes from its coverage the tax before us. The tax is not based merely upon ownership or possession regardless of whether the property is used or not; there is no provision for the determination or assessment of the value of the property; nor is the tax imposed according to the property’s value.
In any event, though, the tax could not be considered a tax on “intangible” personal property. A leasehold has consistently been regarded as tangible. (See, e.g., People ex rel. American Ice Co. v. State Bd. of Tax Comrs., 153 App. Div. 532, 539 [majority opinion], 541 [minority opinion], mod. 207 N. Y. 766; People ex rel. Astor Trust Co. v. State Tax Comm., 174 App. Div. 320, 323; Moulton v. Commissioner of Corporations, 243 Mass. 129; Matter of Barclay, 1 Wn. [2d] 82, 86.) And, if it could possibly be classified as “intangible”, not only the wording of the constitutional provision but the record of the Constitutional Convention (of 1938) which proposed that provision makes it evident that property such as a leasehold was never intended to be covered. Applying the rule of ejusdem generis, section 3 encompasses only such ‘ ‘ other intangible personal property” as resembles “Moneys, credits [and] securities”.
Moreover, the Report of the Committee on Taxation which sponsored the provision at the convention discloses that it was *23 designed to assure nonresidents that they could ‘ ‘ keep their money and securities [in New York] without any fear that the established legislative policy [of nontaxability] will be changed ” (Journal and Documents, N. Y. S. Const. Conv., 1938, Doc. No. 2, p. 3), and Senator Saxe, the chairman of that committee, declared (2 Revised Record, N. Y. S. Const. Conv., 1938, pp. 1113-1114): “ It is a further assurance to the people of the whole United States that if they send intangibles into the State of New York they are not going to be subjected to ad valorem taxation.” The idea that property such as a leasehold would be regarded as an intangible within the meaning of the constitutional provision could not have entered the mind of anyone at the convention.
Nor may the plaintiffs rely on that part of the second sentence of section 3 of article XVI which declares that no excise tax ‘ ‘ shall * * * be levied solely because of the ownership or possession” of intangible personal property. As indicated above, the tax does not apply to mere ownership or possession. It applies only when the leased premises are used for commercial purposes (Administrative Code, § L46-1.0, subd. 5). It may, it is true, also apply before the tenant actually makes use of the premises but it will apply only where he pays rent for premises ‘ ‘ intended to be used or occupied for commercial purposes ’ ’[1] A statement made by Senator Saxe at the Constitutional Convention—in response to questions posed by another delegate — serves to illumine the purpose of proposed section 3 of article XVI. After noting that the provision would not bar imposition of a stock transfer tax (2 Revised Record, op. cit., pp. 1114-1115), Mr. Saxe went on to say (p. 1115): “we want to make it impossible for the Legislature itself, or for the Legislature to delegate the right, to levy an excise tax on the mere possession of the property. In other words, the property may enjoy that privilege or it may be used for some purpose, and then you cam, levy an excise tax on it if and when it is used.” (Emphasis supplied.)
*24 We are brought, then, to the plaintiffs’ final point—that the challenged tax law violates the due process and equal protection clauses of both Federal and State Constitutions by discriminating illegally between tenant occupants of real property and owner occupants.
There can be no doubt that the tax with which we are concerned was imposed solely and simply as an exercise of the taxing power; it was not motivated by any purpose other than the raising of revenue. This being so, the due process clause may not here be availed of to condemn the statute. That clause, it has been said, “ is applicable to a taxing statute * * * only if the act be so arbitrary as to compel the conclusion that it does not involve an assertion of the taxing power, but constitutes, in substance and effect, the direct assertion of a different and forbidden power, as, for example, the confiscation of property.” (Magnano Co, v. Hamilton, 292 U. S. 40, 44.) So far as the equal protection clause is concerned, it is well to bear in mind that ‘ ‘ in taxation there is a broader power of classification than in some other exercises of legislation. ” (Citizens’ Tel. Co. v. Fuller, 229 U. S. 322, 329.) In People ex rel. Hatch v. Reardon (184 N. Y. 431, 445, affd. 204 U. S. 152), this court declared: “ Arbitrary selection and discrimination characterize the history of legislation, both state and national, with reference to taxation, yet, when all persons and property in the same class are treated alike, it has uniformly been sustained both by the state and Federal courts. * * * a tax upon all houses, leaving barns and business buildings untaxed, or upon all horses or the sale thereof, leaving sheep and cows untaxed, however unwise, would be. within the power of the legislature. * * * The power of taxation necessarily involves the right of selection, which is without limitation, provided all persons in the same situation are treated alike and the tax imposed equally upon all property of the class to which it belongs.”
Although there are no cases dealing with a situation such as the one before us, there are decisions which point the validity of a statute which levies a tax on tenants engaged in commercial activities without levying it on owners who engage in such activities on their own premises and who, of course, are subject to, and must pay, a direct tax on their real property. *25 The Supreme Court has upheld tax laws distinguishing, for instance, between wholesalers and retailers of the same article (see Liggett Co. v. Lee, 288 U. S. 517, 537-538; Southwestern Oil Co. v. Texas, 217 U. S. 114); between manufacturers selling their own products and merchants selling the same products (see Armour & Co. v. Virginia, 246 U. S. 1); and between traveling salesmen who sell sewing machines and those salesmen who sell such machines at an established place of business. (See Singer Sewing Mach. Co. v. Brichell, 233 U. S. 304. See, also, Allied Stores of Ohio v. Bowers, 358 U. S. 522, 528; Asbury Hosp. v. Cass County, 326 U. S. 207, 214-215; Rast v. Van Deman & Lewis, 240 U. S. 342, 357.) In the light of cases such as these, and of the rationale underlying them, the distinction drawn between owners and tenants — or between tenants paying an annual rental of $2,500 or less and those paying more[2]—may not be considered arbitrary or violative of the equal protection clause of the Federal or State Constitution where, as here, a “ state of facts reasonably can be conceived that would sustain it.” (Allied Stores of Ohio v. Bowers, 358 U. S. 522, 528, supra.)
The judgment appealed from in each case should be affirmed, with costs.
Chief Judge Desmond and Judges Dye, Van Voorhis, Burke, Scileppi and Bergan concur.
Judgments affirmed.

. No one of the plaintiffs, we would interpolate, is paying rent for premises which are not being used or occupied by them and no one of the plaintiffs is a licensee or concessionaire or even a grantor of licenses or concessions. Consequently, we need not consider whether the tax would or would not be valid in such instances.

. See, e.g., Vaughan v. State of New York (272 N. Y. 102, opp. dsmd. for want of substantial Federal question 300 U. S. 638); Metropolis Theatre Co. v. Chicago (228 TJ. S. 61): Magoun v. Illinois Trust & Sav. Bank (170 U. S. 283, 293 et seq.).