■ HELEN CAPELLE et al., Appellants-Respondents, v STANLEY MAKOW-SKI, as Mayor of the City of Buffalo, Respondent-Appellant.—Judgment unanimously affirmed, without costs. Memorandum: In this declaratory judgment action, plaintiffs assert both constitutional and statutory grounds for the invalidation of No. 5 of the Local Laws of the City of Buffalo of 1976 which added section 548 to the city charter and imposed an excise tax on occupancy of premises. The complaint sets forth 11 separate causes of action which allege, respectively, that the local law: First—violates section 1203 of the Tax Law in that it imposes a tax not specifically therein authorized; Second—denies due process in that it is impermissibly vague; Third—denies due process in that the tax constitutes a taking of property without just compensation; Fourth—violates section 10 of article I of the United States Constitution in that it impairs and interferes with land-lord-tenant contracts; Fifth—denies equal protection in that it exempts occupants of premises "located in, upon, above or under any public street, highway or public place"; Sixth—denies equal protection in that it invidiously discriminates between families and single individuals; Seventh—denies due process and equal protection in that it arbitrarily discriminates against those least able to afford the tax; Eighth—violates section 10 of article VIII of the New York

State Constitution in that it provides for a tax on real property in excess of the city's taxing powers; Ninth—abridges fundamental rights of association and privacy in that it mandates inquiry by owners into a tenant's personal relationships; Tenth—violates title 42 (§ 1437, subd [a]) of the United States Code in that it permits a charge to a tenant in excess of 25% of the tenant's income; and Eleventh—constitutes an impermissible delegation of legislative authority in that it fails to provide adequate standards by which the city treasurer may determine individual liability for the tax. Initially, we note that plaintiffs bear a heavy burden in seeking to overturn this local law (see *Wiggins v Town of Somers,* 4 NY2d 215, 218-219). Relating as it does to municipal financing, it is supported by a particularly strong presumption of constitutionality and will be sustained absent a clear showing to the contrary *(Wein v Beame,* 43 NY2d 326). Special Term found that this burden was not met and that the imposition of the tax was not violative of State or Federal statutes. Plaintiffs appeal from the judgment upholding the validity of the local law. Defendant's cross appeal relates only to the court's determination that plaintiffs have capacity to sue. We find no merit to the cross appeal. Plaintiffs have alleged their status as residents and taxpayers of the City of Buffalo and as such they may seek judicial review (cf. *Phelan v City of Buffalo,* 54 AD2d 262, 265, and cases therein cited). Their standing "does not depend on a threshold demonstration of the narrower, final right to an individual remedy (see, e.g., *Burke v Sugarman,* 35 NY2d 39, 44)." *(Alevy v Downstate Med. Center of State of N. Y.,* 39 NY2d 326, 338.) In finding the complaint to be without merit, the court dealt carefully with each of plaintiffs' 11 causes of action. In affirming the judgment, we do so with respect to the first, second, third, eighth, tenth and eleventh causes for the reasons stated in the memorandum decision at Special Term [93 Misc 2d 436]. Comment is required, however, on the remaining issues. Additional support for the court's dismissal of the fourth cause of action is found in *El Paso v Simmons* (379 US 497) and *Home Bldg. & Loan Assn. v Blaisdell* (290 US 398). While the imposition of an occupancy tax may have an incidental effect upon landlord-tenant contracts, "the reservation of essential attributes of sovereign power [must be] read into contracts as a postulate of the legal order" (379 US 497, 508; 290 US 398, 435). As noted by Special Term, the creation of the tax is a permissible exercise of the police power. Special Term's dismissal of the fifth, sixth and seventh causes of action is supportable on the basis that the local law satisfies the traditional rational basis test to be applied under the equal protection clause (see, e.g., *McGowan v Maryland,* 366 US 420; *Flemming v Nester,* 363 US 603). In this connection, we do not adopt that portion of the memorandum decision which interprets the holding of *Alevy v Downstate Med. Center of State of N. Y., supra).* In *Alevy,* the court did not apply the strict scrutiny equal protection test (see, e.g., *San Antonio School Dist. v Rodriguez,* 411 US 1, reh den 411 US 959) to plaintiff's claim of reverse discrimination, but adopted a balancing test premised upon a determination of whether the disputed classification satisfies a "substantial" rather than a "compelling" State interest (39 NY2d 326, 336). It is well settled that a legislative body has a broader power of classification in formulating tax statutes than it has in other areas of legislation. When "any state of facts reasonably can be conceived" which will support the classification *(Allied Stores of Ohio v Bowers,* 358 US 522, 528), the legislation will be sustained *(Ampco Print.-Advertisers' Offset Corp. v City of New York,* 14 NY2d 11, 24-25, and cases therein cited). The legislation here does not discriminate against persons or property in the same class. The equal protection clause is not violated where "all persons in

the same situation are treated alike and the tax imposed equally upon all property of the class to which it belongs" *(People ex rel. Hatch v Reardon, 184 NY 431, 445, affd 204 US 152)*. We do not conclude, as do plaintiffs, that the language exempting from payment of the tax, those who occupy premises "located in, upon, above or under any public street, highway or public place" was intended to be applied to occupants of the Marine Midland Tower which is partially constructed "above" Main Street in the City of Buffalo. With respect to the court's dismissal of the ninth cause of action, we add only that even if we were to assume the factual validity of plaintiffs' assertion that enforcement of the tax requires an owner to inquire into the marital or family status of multiple occupants of single premises, the local law would not be violative of constitutionally protected rights of privacy and association (see *Village of Belle Terre v Boraas,* 416 US 1). (Appeal from judgment of Erie Supreme Court—declaratory judgment.) Present—Marsh, P. J., Dillon, Hancock, Jr., Denman and Witmer, JJ. [93 Misc 2d 436.]