*192 OPINION OF THE COURT
De Forest C. Pitt, J.
The plaintiffs have brought an action for a declaratory judgment declaring section 184 of the New York State Tax Law unconstitutional, granting a permanent injunction restraining the defendants from enforcing said section and granting reasonable attorneys’ fees. The plaintiffs have moved for summary judgment for the relief demanded in the complaint on the grounds that there are no defenses to the cause of action and that no factual issues exist. The defendants have cross-moved for summary judgment declaring section 184 of the Tax Law constitutional.
Section 184 of the Tax Law levies a franchise tax upon trucking carriers in the amount of three quarters of 1% of a percentage of the trucking companies’ gross receipts from all sources. This percentage uses New York State revenue miles as the numerator and total revenue miles as the denominator. The plaintiffs contend that this tax is in violation of all four prongs of the test of taxing statutes set forth in Complete Auto Tr. v Brady (430 US 274). Complete Auto Tr. required (1) that the taxed activity must have a substantial nexus with the taxing State, (2) that the tax does not discriminate against interstate commerce, (3) that the tax is fairly apportioned and (4) that the tax is fairly related to services provided by the State (430 US 274, 279, supra). The court does not find any of these arguments persuasive.
The plaintiffs argue that the taxing formula set forth in section 184 of the Tax Law taxes gross receipts having no nexus with the State of New York. This argument places form over substance as in the era of Spector Motor Serv. v O’Connor (340 US 602). The plaintiffs argue that the New York State tax taxes a percentage of gross receipts derived from activity carried on beyond the borders of the State and refrains from taxing fully activities carried on within the State on the ground that the statute taxes a percentage of all gross receipts from all sources. However, what the statute in substance does is to apportion gross receipts into two groups; those having a substantial nexus with the State of New York based upon actual revenue miles in the State of New York and those gross receipts derived wholly *193 from external sources. Thus the New York statute taxes 100% of gross receipts based upon New York State revenue miles and does not in any way tax gross receipts based upon revenue miles in other States or countries. Mileage apportionment of revenues has long been upheld as a permissible measure of taxation and in fact has been extended to taxing statutes using a formula of miles in State divided by miles out of State times gross receipts from all sources. Railway Express Agency v Virginia (358 US 434), upheld a formula which used miles in the State of Virginia over miles in all other States times all gross receipts. While the case involved a taxpayer’s failure to file complete information on in-State activities, the case does not include any words strictly limiting its holding to such situations. Clearly a taxpayer’s failure to file certain information could not validate a tax which was unconstitutional in principle. Instead the court must look to the substance of the tax. “Even where taxpayers have attempted to show through evidence, as this appellant has not, that a given apportionment formula effected an appropriation of more than that to which the State was entitled, this Court has required ‘ “clear and cogent evidence” that it results in extraterritorial values being taxed.’ ” (358 US, at p 444.) A mathematically identical formula was upheld in Maine v Grand Trunk Ry. Co. (142 US 217.) That case provided for a franchise tax measured by average gross receipts per mile for the entire railway system both in and out of State times in-State miles.
While the plaintiff has mentioned the possibility that the New York State taxing apportionment formula might lead to distortions in taxes due based upon different receipts for different types of goods carried, the plaintiffs have totally failed to make any factual showing that such distortions do, in fact, occur. Furthermore, section 184 (subd 4, par [f]) of the Tax Law provides that if such distortions do occur the Tax Commission shall prescribe methods of allocation or apportionment which fairly and equitably reflect gross earnings from all sources within the State. It is therefore the determination of this court that section 184 of the Tax Law does not tax the plaintiffs on gross receipts having no nexus with the State of New York.
*194 The plaintiffs have also argued that the taxing statute violates the commerce clause and the equal protection clause of the Fourteenth Amendment because the tax is not fairly related to services rendered by the State. The plaintiffs contend that because some of the funds generated by the tax are earmarked for the Metropolitan Transit Authority and because many of the plaintiffs are never present in the MTA area, that the tax is not related to the services rendered. This argument involves a basic misunderstanding of the test set forth in Complete Auto Tr. (supra). As stated in Commonwealth Edison Co. v Montana (453 US 609) the amount of tax does not need to cover just those special services rendered by the State to the individual taxpayer. Instead the test, which requires that the tax be fairly related to services rendered by the State, means “the measure of the tax must be reasonably related to the extent of the contact” (453 US, at p 626). Thus a tax measured as a percentage of the value of coal taken from the State was permissible even though such percentage was as high as 30%. In the instant case the tax is measured as a percentage of the value of services rendered in the State of New York in the form of three quarters of 1% of gross receipts for such services. This clearly complies with the test that the measure of the tax be related to the extent of contact with the State. Furthermore, there is no requirement that the State use the proceeds of the tax for any specific purpose nor any proscription to the levy of more than one tax based upon highway use (Aero Tr. Co. v Commissioners, 332 US 495). It is therefore the determination of this court that the statute is fairly related to services rendered by the State of New York, including the building and maintenance of highways, police and fire protection and reduced traffic congestion in general due to mass transit.
The plaintiffs argue that the statute violates the commerce clause in that it discriminates against interstate commerce because it is directed against industries necessarily engaged in interstate commerce and because it exposes such industries to multiple taxation. The issue of multiple taxation has already been discussed in that it has been determined that the statute does not levy any tax *195 upon gross receipts derived from out-of-State sources. The argument that the statute is invalid because it discriminates against interstate commerce was dismissed in Commonwealth Edison Co. v Montana (supra). In that case Montana levied a 30% severance tax upon the contract sale price of all coal even though 90% of Montana coal was exported to other States. The court found no discrimination because “the Montana tax is computed at the same rate regardless of the final destination of the coal” (453 US 609, 618, supra). It is therefore the determination of this court that the statute does not discriminate against interstate commerce.
The plaintiffs have also argued that the statute violates the equal protection clause of the Fourteenth Amendment because it imposes a more burdensome tax on motor carriers than upon others with no rational justification. As has already been stated, it is permissible for a State to levy more than one tax based upon highway usage (Aero Tr. Co. v Commissioners, supra, at pp 506, 507). The court takes judicial notice of the fact that motor carriers receive substantial benefits from the State through the use of its highway system, thus increasing the costs to the State for highway maintenance, traffic regulation and enforcement and other related costs. Such services rendered by the State of New York exceed general services rendered to other businesses. The plaintiffs have failed to provide any evidence that the highway use taxes and gasoline taxes cover all expenses incurred by the State directly related to highway truck traffic. However, even such proof would not require a finding that the statute is unconstitutional (Commonwealth Edison Co. v Montana, supra; Aero Tr. Co. v Commissioners, supra). It is therefore the determination of this court that the possibility of an increased tax burden upon the plaintiffs has a rational justification.
The plaintiffs have failed to meet the burden of proof of showing that section 184 of the Tax Law is unconstitutional beyond a reasonable doubt. The defendants’ cross motion for summary judgment declaring section 184 of the Tax Law constitutional is therefore granted in all respects.