■ Banfi Products Corporation, Appellant, v Carol O'Cleireacain, as Finance Commissioner of the City of New York, et al., Respondents. [617 NYS2d 729] —Judgment, Supreme Court, New York County (Burton S. Sherman, J.), entered May 11, 1993, which dismissed the complaint, and underlying order of said court and Justice entered April 14, 1993, which *inter alia,* granted defendants' motion for summary judgment and denied plaintiff's cross-motion for summary judgment, unanimously affirmed, without costs.

The IAS Court properly found that plaintiff's regular and systematic activities in New York City, involving the solicitation of sales of imported wine and attendant services, such as suggesting store arrangements and providing promotional displays, constitute "doing business" in the City so as to subject plaintiff to the City's General Corporation Tax (Administrative Code of City of NY § 11-603; *see,* Information Bulletin No. 2-A, "General Corporation Tax—Taxable Status"). The tax as applied does not violate the Equal Protection or Due Process Clauses of the State's Constitution *(see, Matter of Ames Volkswagen v State Tax Commn.,* 47 NY2d 345, 348-349;

*Ampco Print.-Advertisers' Offset Corp. v City of New York,* 14 NY2d 11, *appeal dismissed* 379 US 5). While taxing foreign corporations for their solicitation of orders is violative of the Commerce Clause of the United States Constitution *(see,* 15 USC § 381; *Wisconsin Dept. of Revenue v Wrigley Co.,* 505 US—, 112 S Ct 2447), the taxing of inter-county solicitation by domestic corporations is not. Concur—Sullivan, J. P., Ross, Asch and Rubin, JJ.