[665 NYS2d 694]

ONTARIO TRUCKING ASSOCIATION et al., Appellants, v NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE et al., Respondents.

Third Department, November 26, 1997

## APPEARANCES OF COUNSEL

*Shawn, Mann & Steinfeld, L. L. P.,* Washington, D.C. *(William H. Shawn* of counsel), and *Barrett & Gravante, L. L. P.,* Albany, for appellants.

*Dennis C. Vacco, Attorney-General,* Albany *(Daniel Smirlock* and *Nancy A. Spiegel* of counsel), for respondents.

## OPINION OF THE COURT

WHITE, J.

We affirm Supreme Court's declaration in defendants' favor that Tax Law § 184 does not offend the Commerce Clause or the Equal Protection Clause of the US Constitution.[1] Tax Law § 184 (1) imposes upon transportation corporations and associations a franchise fee of 0.75% of their gross earnings from all sources within this State[2] for the privilege, *inter alia,* of doing

---

1. Plaintiffs raised several additional challenges to this tax before Supreme Court but have not pursued them in their brief. Accordingly, we deem them abandoned (*see, Gibeault v Home Ins. Co.,* 221 AD2d 826, 827, n 2).

2. Tax Law § 184-a imposes a surcharge on this tax.

business in this State. Because the Due Process and Commerce Clauses prevent a State from imposing an income-based tax on nonresidents on value they earn outside its borders (*see, Barclays Bank v Franchise Tax Bd.*, 512 US 298, 303-304), Tax Law § 184 (4) provides for the allocation of gross earnings pursuant to the unitary business method. To determine its New York gross earnings under this method, a transportation company multiplies its total gross earnings by a fraction, the numerator of which is its mileage within New York with the denominator being the corporation's entire system-wide mileage.[3] This tax survived a Commerce Clause challenge in *American Trucking Assns. v New York State Tax Commn.* (120 Misc 2d 191, *affd* 60 NY2d 745), wherein it was determined that it satisfied the four tests established in *Complete Auto Tr. v Brady* (430 US 274, 279). This does not end our inquiry since this case involves Canadian trucking corporations, thereby implicating the Foreign Commerce Clause (US Const, art I, § 8) which requires us to determine if the challenged tax exposes plaintiffs to an enhanced risk of multiple taxation and impairs Federal uniformity in an area where Federal uniformity is essential (*see, Container Corp. v Franchise Tax Bd.*, 463 US 159, 185-186).

In advancing their Commerce Clause argument, plaintiffs rely heavily upon *Japan Line v County of Los Angeles* (441 US 434). There, the United States Supreme Court struck down a California ad valorem property tax that was applied to cargo containers of Japanese shipping companies, noting that "a state tax, even though 'fairly apportioned' to reflect an instrumentality's presence within the State, may subject foreign commerce ' "to the risk of a double tax burden" ' " (*id.*, at 448, quoting *Evco v Jones*, 409 US 91, 94, quoting *Adams Mfg. Co. v Storen*, 304 US 307, 311). Plaintiffs maintain that multiple taxation is the inevitable result of the application of Tax Law § 184 since Canada does not allow them a credit or other offset of New York's franchise tax against their income taxes.

---

3. To illustrate:

(1) New York mileage / Entire system mileage = $\frac{1,000,000}{10,000,000}$ = 10%

(2) Total gross earnings $10,000,000 × 10% = New York gross earnings $1,000,000

(3) $1,000,000 × 0.75% = $7,500 tax

Inasmuch as *Japan Line* involved a tax on property whereas this case involves a tax on income, we find that more persuasive precedent is offered by *Container Corp. v Franchise Tax Bd.* (*supra*) and *Barclays Bank v Franchise Tax Bd.* (*supra*), wherein the United States Supreme Court sustained California's income-based corporate franchise tax utilizing the unitary business method, as applied to multinational enterprises, against comprehensive challenges made under the Due Process and Commerce Clauses.

The California tax was upheld even though the United States Supreme Court recognized that it resulted in double taxation in the sense that some of the income taxed without apportionment by the foreign nation was also taxed by California as attributable to its share of the total income of the unitary business (*see, Container Corp. v Franchise Tax Bd., supra*, at 187). The Court nevertheless sustained the tax because multiple taxation was not the " 'inevitable result' " of the California tax but depended solely on the facts of the individual case and, secondly, the alternatives reasonably available to California for allocating income could not eliminate the risk of double taxation (*Barclays Bank v Franchise Tax Bd., supra*, at 318).

The same situation prevails here. Multiple taxation is not inevitable but depends on individual cases since Canada allows its taxpayers a deduction for New York corporate franchise taxes in the computation of their net income (Canadian Tax Act 18 [1] [a]), creating the possibility that the deduction could reduce a taxpayer's net income to a level at which Canada could not impose a tax. Further, no alternative, like some version of the separate accounting "arms' length" approach,[4] for allocating income that would eliminate the risk of double taxation has been presented.

Satisfied that Tax Law § 184 does not enhance the risks of multiple taxation, we turn to the second inquiry. A State tax impairs Federal uniformity and prevents the Federal Government from speaking with one voice in international trade when it implicates foreign policy issues which must be left to the Federal Government or violates a clear Federal directive (*see, Container Corp. v Franchise Tax Bd., supra*, at 194). Here, the Canadian government has filed two diplomatic notes with the United States Government expressing its opposition to the subject tax; however, it appears that the United States has not

---

4. A jurisdiction using separate accounting taxes corporations that operate within its borders only on the income those corporations recognize on their own books (*see, Container Corp. v Franchise Tax Bd., supra*, at 185).

replied nor has it asked New York to take any action. From this we can conclude that the United States Government does not view this tax as impairing its ability to speak with one voice. Further, while Congress has been long aware of State taxation of multinational enterprises utilizing the unitary business method, it has not enacted any legislation precluding such taxation schemes (*see, Barclays Bank v Franchise Tax Bd., supra,* at 324-326). Plaintiffs' citations to the United States-Canada Free Trade Agreement and the North American Free Trade Agreement are unavailing since they do not direct us to any provision in either treaty prohibiting the imposition of the tax in question. For these reasons we conclude that the challenged tax does not unduly threaten the values which the Commerce Clause was intended to serve.

Plaintiffs next argue that the tax violates the Equal Protection Clause since it does not apply to Canadian trucking companies not doing business in New York but which nevertheless use New York highways on their way to destinations beyond its borders. A State tax statute will withstand an equal protection challenge if the classification at issue has a legitimate purpose and is rationally related to the achievement of that purpose (*see, United Servs. Auto. Assn. v Curiale,* 88 NY2d 306, 311). In this instance, the tax meets these criteria since an enterprise doing business in New York receives the benefits and protections of the laws of this State whereas an organization that is not present does not. Lastly, plaintiffs' contention that there are no rational reasons for imposing this tax on trucking companies but not on those outside the transportation sphere has been addressed and answered in *American Trucking Assns. v New York State Tax Commn.* (120 Misc 2d 191, 195, *supra*).

MIKOLL, J. P., MERCURE, CREW III and YESAWICH JR., JJ., concur.

Ordered that the order is affirmed, without costs.