■ JOHN HUNTER, Individually and Doing Business as GORE MOUNTAIN ACCOMMODATIONS, et al., Appellants, v WARREN COUNTY BOARD OF SUPERVISORS et al., Respondents. [800 NYS2d 231]—

Crew III, J. Appeal from a judgment of the Supreme Court (Keegan, J.), entered March 3, 2004 in Albany County, which, inter alia, converted an application, brought pursuant to CPLR article 78, into an action for declaratory judgment and dismissed the first, second, fourth, fifth, eighth, ninth and tenth causes of action.

In June 2003, defendant Warren County Board of Supervisors made a municipal home rule request for enactment of a state law authorizing the imposition of a 4% tax on the rental proceeds of rooms in motels and hotels within the county. In accordance with that request, the Legislature passed Tax Law § 1202-u authorizing the imposition of such tax, and the county enacted Local Law No. 4 (2003) of County of Warren imposing such tax.

Plaintiffs, the proprietors of companies subject to the tax, commenced a CPLR article 78 proceeding challenging the facial constitutionality of the enabling legislation and Local Law No.

4. Defendants moved to dismiss the petition, and plaintiffs sought a preliminary injunction prohibiting defendants from imposing Local Law No. 4. Supreme Court converted the proceeding into an action for a declaratory judgment, determined that plaintiffs had standing to challenge Local Law No. 4 and further found that the section thereof authorizing the county treasurer to issue warrants for the seizure of property prior to a hearing violated the Due Process Clause and struck that provision. The court also dismissed the fourth cause of action on the ground that plaintiffs lacked standing. Finally, Supreme Court found plaintiffs' remaining objections to be without merit and, based upon the severability clause of Local Law No. 4, determined that the remainder thereof was constitutional and dismissed the matter. Plaintiffs now appeal.

We start with the well-recognized principle that when challenging the facial constitutionality of a statute, a plaintiff must overcome the strong presumption of constitutionality and demonstrate the unconstitutionality of the statute beyond a reasonable doubt (*see Matter of Moran Towing Corp. v Urbach*, 99 NY2d 443, 448 [2003]). Plaintiffs failed to do so here.

We will address plaintiffs' assertions seriatim. Initially, they assert that the provisions of Local Law No. 4 requiring an undertaking or payment of the tax due as a condition precedent to judicial review are unconstitutional. We disagree. Such a requirement repeatedly has been found to be constitutional (*see e.g. Matter of Vinter v Commissioner of Taxation & Fin.*, 305 AD2d 738, 739 [2003]).

Next, plaintiffs assert that Tax Law § 1202-u, as it relates to Warren County, was repealed by implication. The record reflects that during the legislative session at issue, the Legislature passed four separate laws, each titled Tax Law § 1202-u and each authorizing an occupancy tax for a different county, to wit, Allegheny, Warren, Orleans and Cattaraugus. Plaintiffs assert that inasmuch as Tax Law § 1202-u pertaining to Cattaraugus County was the last to be enacted, it repealed, by implication, the previous statutes. We need note only that repeal by implication is disfavored in the law and will not be invoked unless the statutes are in such conflict that each cannot be given effect (*see Matter of Consolidated Edison Co. of N.Y. v Department of Envtl. Conservation*, 71 NY2d 186, 195 [1988]). Here, there is no evidence that the Legislature, by enacting a law authorizing an occupancy tax for one county, intended to repeal the identical authorization for another county and, clearly, each of the laws can be given effect without conflicting with one another.

Next, plaintiffs claim that Local Law No. 4 is unconstitu-

tional in that it may be retroactively applied in contravention of the Ex Post Facto Clause of the US Constitution and offends the Contract Clause of the US Constitution (*see* US Const, art I, § 10) insofar as it affects existing leases and reservations. First, we note that the Ex Post Facto Clause prohibits legislation that makes criminal an act not criminal when committed or increases punishment for previously committed offenses and, thus, has no applicability to the kinds of legislative enactments that we are dealing with here. Moreover, Local Law No. 4 does not impair the obligation of contracts within the meaning of the Contract Clause. It has long been held that the Contract Clause does not prevent the enactment of legislation that is reasonably necessary to further an important public purpose even where such legislation may incidentally affect existing contractual obligations (*see Capelle v Makowski*, 62 AD2d 1167, 1168 [1978]). Here, the legislation was passed in order to provide funds for the promotion of tourism in Warren County. That certainly is a recognizable public interest which, if successful, will benefit all of the citizens of the county.*

Next, plaintiffs contend that Supreme Court erred in dismissing its cause of action charging that Local Law No. 4 is void inasmuch as it did not exempt Indian tribes from its coverage in violation of Tax Law § 1116. We disagree. Suffice to say that plaintiffs lack standing to assert such a claim inasmuch as they have failed to demonstrate any injury that they, as owners and operators of nontribal accommodations, will suffer as the result of the failure of Local Law No. 4 to exempt Indian tribes from its reach.

We likewise reject plaintiffs' contention that Local Law No. 4 constitutes an impermissible tax on real estate in violation of the NY Constitution (*see* NY Const, art VIII, § 10). A tax on the use of real estate consistently has been found not to be a tax on the real estate itself (*see Ampco Print.—Advertisers' Offset Corp. v City of New York*, 14 NY2d 11, 21 [1964], *appeal dismissed* 379 US 5 [1964]).

Next, we reject plaintiffs' assertion that the severability clause contained in Local Law No. 4 is unconstitutional. Initially, we note that plaintiffs do not articulate how this clause is facially unconstitutional, except to offer the rather speculative and conclusory observation that the law is so poorly drafted that the possibility of unconstitutional violations are enumerable and should be apparent on the face of the statute.

---

* Of note is the fact that Local Law No. 4, while imposing a tax on the rental proceeds of existing contracts or leases, does not require plaintiffs to increase such rent. Thus, the tax does not directly affect such rental agreements and, therefore, does not impair such contractual rights.

Plaintiffs also contend that Local Law No. 4 is violative of due process and equal protection because the time limits regarding when taxpayers may seek a refund are insufficient. It is now axiomatic that "[t]he power of taxation necessarily involves the right of selection, which is without limitation, provided all persons in the same situation are treated alike and the tax imposed equally upon all property of the class to which it belongs" (*People ex rel. Hatch v Reardon*, 184 NY 431, 445 [1906], *affd* 204 US 152 [1907]). In short, nothing in Local Law No. 4 implies any type of discrimination inasmuch as all taxpayers seeking refund or subject to the assessment of additional taxes are subject to the same time limitations.

We likewise find without merit plaintiffs' claim that Local Law No. 4 violates the dormant Commerce Clause, which prohibits state taxation that discriminates or unduly burdens interstate commerce (*see General Motors Corp. v Tracy*, 519 US 278, 287 [1997]). Here, the local law is nondiscriminatory on its face and does not accord differential treatment of in-state and out-of-state economic interests that benefits the former and burdens the latter (*see Oregon Waste Systems, Inc. v Department of Environmental Quality of Ore.*, 511 US 93, 99 [1994]). The local law here impacts in-state and out-of-state tourists in the same way and does not operate to the disadvantage of any identifiable interstate market.

Next, plaintiffs contend that Local Law No. 4 is unconstitutional with respect to the penalties it imposes upon those found to be in violation of the law. Specifically, plaintiffs claim that Local Law No. 4 is unconstitutional because it does not expressly provide for application of the Criminal Procedure Law in the enforcement and imposition of criminal sanctions provided therein. To the contrary, the provisions of the Criminal Procedure Law are exclusively applicable to any and all criminal actions prosecuted in this state (*see* CPL 1.10).

Finally, we find wholly without merit plaintiffs' claim that the local law in question is void for vagueness. Plaintiffs' remaining contentions, to the extent not expressly addressed, have been examined and found to be lacking in merit.

Mercure, J.P., Peters, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.