*317 OPINION OF THE COURT
Michael C. Lynch, J.
Plaintiffs, residents of Tennessee, were shareholders of JBS Sports, Inc., incorporated in Tennessee and taxable as an S corporation for federal and New York State income tax purposes. In 2007, plaintiffs sold all their stock to a third party, Yahoo, Inc. As part of this sale, JBS and Yahoo made an election under Internal Revenue Code (26 USC) § 338 (h) (10) to treat the transaction as an asset sale. Such an election accords the purchaser the tax benefit of a stepped up basis in the value of the assets acquired. For federal income tax purposes, JBS reported a gain of $88,364,074 on schedule K of its federal corporation income tax return. JBS also filed a final New York S corporation franchise tax return but, notably, the distributive share of the gain derived from the asset sale was not reported as New York income. Following an audit in 2011, defendants determined that the gain from the asset sale based on the Internal Revenue Code § 338 (h) (10) election constituted New York source income taxable in New York. This declaratory judgment action ensued upon the disallowance of plaintiffs’ claim for a refund of the taxes paid.
Essentially, plaintiffs maintain that as nonresidents the sale of their stock to Yahoo was not taxable as New York source income under article XVI, § 3 of the New York State Constitution. Correspondingly, plaintiffs maintain that defendants’ reliance upon the 2010 amendment to Tax Law § 632 (a) (2), as applied here, was unconstitutional. Notably, at oral argument held on November 14, 2013, plaintiffs’ counsel withdrew plaintiffs’ second cause of action challenging the retroactive application of the 2010 amendment.
Article XVI, § 3 of the New York State Constitution provides that “intangible personal property within the state not employed in carrying on any business therein by the owner shall be deemed to be located at the domicile of the owner for purposes of taxation.” Generally, stock constitutes intangible personal property within the scope of this provision (see Ampco Print-Advertisers’ Offset Corp. v City of New York, 14 NY2d 11, 22-23 [1964]). Under Tax Law § 631 (b) (2), income derived from the sale of stock by a nonresident is only considered income to the extent the stock is employed in a business carried on in New York—which is not the contention here. The dispute here centers on plaintiffs’ election under Internal Revenue Code § 338 (h) (10) to treat the transaction as an asset sale and *318 whether that election changes the nature of the transaction from a nontaxable stock sale to a taxable asset sale.
In 2010, Tax Law § 632 (a) (2) was amended, in relevant part, as follows:
“In determining New York source income of a nonresident shareholder of an S corporation where the election provided for in subsection (a) of section six hundred sixty of this article is in effect, there shall be included only the portion derived from or connected with New York sources of such shareholder’s pro rata share of items of S corporation income, loss and deduction entering into his federal adjusted gross income, increased by reductions for taxes described in paragraphs two and three of subsection (f) of section thirteen hundred sixty-six of the internal revenue code, as such portion shall be determined under regulations of the commissioner consistent with the applicable methods and rules for allocation under article nine-A or thirty-two of this chapter, regardless of whether or not such item or reduction is included in entire net income under article nine-A or thirty-two for the tax year. ... In addition, if the shareholders of the S corporation have made an election under section 338(h)(10) of the Internal Revenue Code, then any gain recognized on the deemed asset sale for federal income tax purposes will be treated as New York source income allocated in a manner consistent with the applicable methods and rules for allocation under article nine-A or thirty-two of this chapter in the year that the shareholder made the section 338(h)(10) election. For purposes of a section 338(h)(l 0) election, when a nonresident shareholder exchanges his or her S corporation stock as part of the deemed liquidation, any gain or loss recognized shall be treated as the disposition of an intangible asset and will not increase or offset any gain recognized on the deemed assets sale as a result of the section 338(h)(10) election” (see L 2010, ch 57, part C, § 2 [language added by 2010 amendment italicized]).
To the extent the amendment treats the gain of an asset sale following an Internal Revenue Code § 338 (h) (10) election as New York source income, plaintiffs maintain the statute conflicts with the constitutional prohibition against taxing the sale of intangible personal property of a nonresident under *319 article XVI, § 3. The court disagrees, for plaintiffs’ argument ignores their direct election to treat the transaction as an asset sale. While the parties disagree whether defendants asserted this position prior to the 2010 amendment, the effect is simply to conform the characterization of the transaction on both the federal and New York State returns. In so doing, treating an “asset sale” as New York source income does not run afoul of the constitutional prohibition against taxing a nonresident’s intangible personal property. The memorandum supporting the 2010 amendment supports defendants’ premise that the legislation was intended to clarify the position of the Department in response to the contrary administrative interpretations reached in Matter of Baum (NY St Tax Appeals Trib, Feb. 12, 2009, DTA Nos. 820837, 820838) by the Tax Appeals Tribunal and in Matter ofMintz (NY St Div of Tax Appeals, June 4, 2009, DTA Nos. 821807, 821806) by an administrative law judge in the Division of Tax Appeals (see affirmation of Adrienne Kerwin, Esq. dated July 17, 2013, exhibits D, E, F). Indeed, the “Legislative findings” expressly state that the legislation was necessary to correct these administrative rulings (L 2010, ch 57, part C, § 1). Contrary to plaintiffs’ thesis, for defendants to insist on conformity in the characterization of the sales event, as memorialized in the 2010 amendment to Tax Law § 632 (a) (2), does not constitute an unconstitutional change in the law.
Accordingly, plaintiffs’ challenge to the constitutional application of Tax Law § 632 (a) (2) to the 2007 sale transaction is denied and it is further declared that the statute, as amended, is constitutional. It follows that defendants’ motion for an award of summary judgment dismissing the complaint is granted, and plaintiffs’ cross motion is denied, all without costs.